The STATE of Ohio, Appellee,

v.

ABELT, Appellant.

[Cite as *State v. Abelt* (2001), 144 Ohio App.3d 168.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 77754.

Decided June 11, 2001.

William D. Mason, Cuyahoga County Prosecuting Attorney, and *James E. Valentine,* Assistant Prosecuting Attorney, for appellee.

*James A. Draper,* Cuyahoga County Public Defender, and *Carlos Warner,* Assistant Public Defender, for appellant.

---

JAMES D. SWEENEY, Presiding Judge.

Defendant-appellant Raymond R. Abelt ("Abelt"; d.o.b. February 15, 1939) appeals from his adjudication as a sexual predator pursuant to R.C. 2950.09 *et seq.* For the reasons adduced below, we affirm in part, reverse in part, and remand.

A review of the record on appeal indicates that Abelt was indicted on January 10, 1991, on twenty-five counts for offenses committed between 1986 and 1990, including the following: (1) five counts of illegal use of a minor in nudity–oriented material or performance in violation of R.C. 2907.323 involving victim F.V.; (2) eight counts of gross sexual imposition in violation of R.C. 2907.05 (three counts involving victim F.V., and five counts involving victim S.V.); (3) six counts of rape

in violation of R.C. 2907.02 (one count involving victim F.V., and five counts involving victim S.V.); (4) one count of intimidation in violation of R.C. 2921.04 involving victim S.V.; and (5) five counts of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322.

On June 12, 1991, Abelt pled guilty to one count of rape for each victim, and was sentenced on July 5, 1991, to concurrent terms of five to twenty-five years on each of the two counts. See *State v. Abelt* (Sept. 16, 1999), Cuyahoga App. Nos. 74796 and 74797, unreported, 1999 WL 728375 (affirmance of the trial court's denial of Abelt's petition for postconviction relief, which sought to vacate his sentence). The rape offense involving F.V. occurred in 1986, at which time the victim was fourteen years of age. See count 7. The rape offense involving S.V. occurred in the summer of 1990 to December 7, 1990, at which time the victim was eleven years of age. See count 16.

On September 30, 1999, the state sought the return of Abelt, who was scheduled to appear before an imminent parole hearing, for the purpose of determining whether he should be classified as a sexual predator pursuant to R.C. 2950.09 *et seq.* The trial court, on October 5, 1999, ordered that Abelt be returned from prison to the trial court so that a sexual predator determination hearing could be conducted on October 21, 1999. This hearing date was later rescheduled on December 9, 1999, to commence on December 20, 1999, at 10:00 a.m.

On December 20, 1999, at 9:23 a.m. (thirty-seven minutes prior to the commencement of the hearing), Abelt, through counsel Thomas E. Shaughnessy, filed a "motion to dismiss H.B. 180 proceedings—ex post facto/retroactive law," alleging constitutional infirmities with the registration/notification provisions of the sexual predator classification. At 9:24 a.m. that same date, Abelt filed a "motion for psychological/psychiatric exam" so as to determine whether Abelt was likely to engage in sexually oriented offenses in the future.

At the sexual predator determination hearing, the state summarized the offenses under consideration and the evidence surrounding those offenses which, according to the state, demonstrates Abelt's propensity to commit sexual offenses in the future. The defense then made a series of motions to the court, namely, (1) to dismiss the proceedings based on constitutional grounds, (2) to delay the proceedings until Abelt comes up for parole in December 2009, (3) to apply the Rules of Evidence to the proceeding, and (4) to appoint an independent psychological expert to examine Abelt so as to determine whether Abelt is likely to commit sexual offenses in the future. These motions were denied by the trial court. The court then questioned Abelt and confirmed that Abelt completed a two-and-one-half-year sexual offender program, as well as a "Sex, Love & Addiction" class, in the mid–1990s while incarcerated. Abelt next informed the

court that he planned to reside with Mr. Vidansic, an attorney Abelt had been working with, upon Abelt's release from prison. The court then gave Abelt an opportunity to address the court. Abelt professed his belief that he should have gone to trial instead of pleading guilty, that he would have done better as far as the outcome, and that some of the documentary evidence seized at his home was not his; yet, Abelt admitted that he was "not saying I didn't do the crime." The trial court then proceeded to detailing the factors it considered:

"THE COURT: All right, Mr. Shaughnessy. Okay. I must proceed according to Section 2950.09, and there's a variety of factors that I'm required to take into consideration in determining whether or not the defendant is a sexual predator. The offender's age. Maybe not so relevant here. The offender's prior criminal record regarding all offenses, including sex offenses. Mr. Valentine, I heard nothing on that. Is there anything in the record regarding that?

"MR. VALENTINE: Your Honor, the only indication I have regarding a prior offense is, his rap sheet indicates in 1960 he was investigated in connection with an alleged rape, but apparently there were no charges.

"THE COURT: Okay. All right. So I have to move on then. Age of the victim. We have two victims here, ages 14, 11 at the time. That is a serious consideration of the Court, as always, because children are entitled to special protection and are given such in the law. The offenses involve multiple victims. That's (d). That's apparent here. Whether the offender was using drugs or alcohol to impair the victim or prevent the victim's resistance. There seems to be an indication of that. We don't exactly know what happened in the back seat after drinks were taken that night, but we do know that she was found without clothes. It doesn't take a rocket scientist to make the leap, although, again, there's no hard evidence. Whether the offender completed any prior sentence, and if the prior offense was a sex offense, whether the offender participated in available programs for sexual offenders. We heard Mr. Abelt talk about his participation in such programs, and for purposes of this hearing, the Court will, without their records, give him the benefit of having successfully completed those programs. Any mental illness or disability of the offender. There doesn't appear to be any such thing. The nature of the offender's sexual activity with the victim, that it was part of a demonstrated pattern of abuse. What was discussed by Mr. Valentine appears to be a pattern of abuse. I'm troubled by the fact that this is not a single incident crime, that we have multiple victims over a period of time, with photos, with sex, various things that we try to keep our children away from. Whether the offender displayed or threatened cruelty. There doesn't appear to be displayed or threatened cruelty; however, if there is forced sexual intercourse, that could be considered cruelty in and of itself. Any additional behavior characteristics that contribute to the offender's conduct. I'm taking into

consideration what was presented regarding photos of the mother while she was 17, and in 1969, sex with her and nude photos of her were apparently identified by the mother, Christine O'Malley. So we have a pattern of demonstrated abuse. This is going on for two generations. I'm not going to give any credence to the tapes. Those weren't specifically testified to. So I'm not going to include those in my decision. Position of trust, yes. Position of authority. In some way, having owned the home that was rented, he had a captive audience. All right. One of the most difficult things that the Court has to do is predict future behavior. Nobody has a crystal ball, but under the law, I must do so given the facts and circumstances that are presented to us. I weigh heavily on the ages, the pattern of abuse, the length of time involved, two generations, and the obvious effect upon the victims in the case. Okay. I will find him to be a sexual predator by clear and convincing evidence. Mr. Abelt, I need your Social Security number, sir."

The Public Defender presents five assignments of error for review in his brief filed on August 25, 2000. Abelt, in his *pro se* appellate brief filed on January 5, 2001, presents three assignments of error. These assignments will be addressed out of the order presented by the parties. Where the subject of the assignments of error overlap, they will be addressed together.

The Public Defender's first assignment of error provides:

"The trial court erred when it decided to conduct the sexual predator hearing against the appellant where the appellant will not be released from prison for at least ten years in violation of the Revised Code and both the Ohio and United States Constitution."

In this assignment, Abelt argues that conducting the sexual predator hearing so far in advance of his release from prison in 2009 (at the earliest) is inherently unfair and does not "afford accused individuals in the position of the appellant a hearing at a 'meaningful time,'" which allegedly violates due process. This "systemic flaw" argument, which attacks the sexual predator determination being made years prior to the offender's release from prison, was raised by attorney Warner and rejected by this court in *State v. Steele* (Sept. 7, 2000), Cuyahoga App. No. 76205, unreported, at 19–23, 2000 WL 1281246, where we noted that substantive due process was satisfied where the person adjudicated as being a sexual predator has the option of petitioning, within one year prior to his release from prison, for a determination that he is no longer a sexual predator. See R.C. 2950.09(D), and *State v. Gibson* (Dec. 7, 2000), Cuyahoga App. No. 76875, unreported, at 8–10, 2000 WL 1800630 (attorney Carlos Warner as appellant's counsel); *State v. Manson* (Nov. 2, 2000), Cuyahoga App. No. 76716, unreported, at 9, 2000 WL 1643572 (attorney Carlos Warner as appellant's

counsel). Based on *Steele, Gibson,* and *Manson,* this assignment regarding the timing of the determination violating due process continues to lack merit.

The Public Defender's first assignment of error is overruled.

The Public Defender's second and third assignments of error provide:

"Appellant was denied due process of law when the trial court denied appellant's motion for a psychological evaluation by an expert in violation of R.C. § 2950.09(B)(1) and the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 to the Ohio Constitution."

"The evidence is insufficient, as a matter of law, to prove 'by clear and convincing evidence' that appellant 'is likely to engage in the future in one or more sexually oriented offenses.'"

The first and second assignments of error, *pro se,* provide:

"I

"Appellant was denied the effective assistance of counsel in his representation at his hearing for 'predator determination' pursuant to the Ohio Revised Code § 2950.09(C).

"II

"Appellant's hearing court errored [*sic*] in finding him to be a sexual predator without the clear and convincing evidence as required by statute. R.C. § 2950.01 and § 2950.09(B)(3)."

These assignments argue that a current expert assessment was needed in order to determine, by clear and convincing evidence, that Abelt was likely to reoffend in the future by committing further sexually oriented offenses.

Attorney Warner made the same argument that the appointment of expert assistance was mandatory, in *State v. Taylor* (Dec. 7, 2000), Cuyahoga App. No. 76527, unreported, at 5, 2000 WL 1847554. In *Taylor,* this court determined that R.C. 2950.09(B)(1) did not set forth a mandatory requirement appointing psychiatric expert witnesses in all sexual predator determination hearings. However, such expert testimony at state expense may be authorized where a particularized need for the evidence is shown; a mere demand for a psychiatric expert by the defendant is not enough. *Id.* at 8–9.

The decision to permit this evidence is left to the sound discretion of the trial court. *Id.* The particularized showing by defendant must take the form "(1) of a reasonable probability that the requested expert would aid in his defense, and (2) that denial of the requested expert assistance would result in an unfair

trial." *Id.,* citing *State v. Mason* (1998), 82 Ohio St.3d 144, 694 N.E.2d 932, syllabus, approving and following *State v. Broom* (1988), 40 Ohio St.3d 277, 533 N.E.2d 682. Thus, "a defendant must demonstrate more than a mere possibility of assistance from an expert. *Broom, supra,* at 283 [533 N.E.2d at 691]. At a minimum, the indigent defendant must present the trial judge with sufficient facts with which the court can base a decision. 'Undeveloped assertions that the proposed assistance would be useful to the defense are patently inadequate.' *State v. Weeks* (1989), 64 Ohio App.3d 595, 582 N.E.2d 614. See, also, *Russell, supra.*" *State v. Taylor, supra,* at 10; see, also, *State v. Russell* (Apr. 22, 1999), Cuyahoga App. No. 72796, 1999 WL 236680.

The motion seeking expert assistance, filed shortly prior to the sexual predator determination hearing, contained a total of two paragraphs of introduction and argument, stating the following:

"Now comes the Defendant, by and through counsel, THOMAS E. SHAUGHNESSY, and respectfully moves this Honorable Court for an order authorizing defense expenditures to enable Defendant to hire a Psychological/Psychiatric expert. H.B. 180 requires the Court to determine whether the defendant 'is likely to engage in the future in one or more sexually oriented offenses' in the above-captioned matter.

"These funds are necessary to protect the Defendant's rights to due process, equal protection, effective assistance of counsel, and to be free of cruel and unusual punishment is [*sic*] guaranteed by both the Ohio and United States Constitutions and *Ake v. Oklahoma* (1985), 470 U.S. 68 [105 S.Ct. 1087, 84 L.Ed.2d 53]."

At the hearing, defense counsel noted that his expert-assistance motion was still pending and iterated that such assistance was necessary to determine whether Abelt, who has completed extensive treatment programs in prison, dealing with sexual obsession, had an obsession at the time of the offenses, had an obsession as of the time of hearing, and will have an obsession at the time of his release from prison, which factors are useful in determining whether, by clear and convincing evidence pursuant to R.C. 2950.09(B)(3), Abelt is "likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E).

As in *Broom,* there is a reasonable probability in the present case that expert psychiatric/psychological assistance would aid in Abelt's defense and that denial of such assistance would result in an unfair sexual predator determination hearing.[1] In making this statement, the court is considering the bare-bones

1. See, also, *State v. Eppinger* (2001), 91 Ohio St.3d 158, 743 N.E.2d 881, syllabus:

written motion (which contained no facts) and the facts presented orally at the hearing that factually show why the proposed assistance would be useful to Abelt's representation. See *State v. Ingle* (Feb. 22, 2001), Cuyahoga App. No. 77957, unreported, at 5, 2001 WL 175651 (blanket assertion that funds were necessary for expert assistance at state's expense in order to protect defendant's constitutional rights was insufficient without facts to show why those funds were necessary). It is not contested that Abelt committed sexually oriented offenses against the two girls between 1986 to 1990. It is also clear that Abelt has received extensive treatment while incarcerated for his sexual urgings that formed the motivation for the offenses for which he pled guilty. The fact that Abelt committed sexual offenses some ten years prior to the sexual predator determination hearing, coupled with extensive treatment while incarcerated for those sexual offenses, requires that Abelt's *current* condition be assessed in order to fulfill the mandate that clear and convincing evidence demonstrate that Abelt is likely to reoffend sexually in the future. Absent this expert assessment of Abelt's current condition under these conditions as a predictor of Abelt's future conduct, "the State is simply asking for a determination based on a generalized fear and/or expectation that the individual will re-offend." *State v. Krueger* (Dec. 19, 2000), Cuyahoga App. No. 76624, unreported, at 17, 2000 WL 1876391 (current expert assessment needed where there is a fifteen-year-old conviction for sexual offenses committed against two children, ages twelve and six, and extensive treatment while incarcerated). Since the evidence utilized by the trial court was legally insufficient to determine, by clear and convincing evidence, that Abelt was likely to reoffend and commit further sexually oriented offenses, the matter must be remanded so that the trial court can consider "all parts of the record available to the court," a current psychological assessment of Abelt at state's expense, and the statutory factors listed in R.C. 2950.09(B)(2). See *State v. Eppinger*, 91 Ohio St.3d at 166–167, 743 N.E.2d at 888–889 (the Supreme Court affirmed the remand for a new sexual predator hearing where there was insufficient evidence to support the sexual predator determination).

The Public Defender's second and third assignments of error, and the first and second *pro se* assignments of error, are sustained.

Our resolution of appellant's counsel's second and third assignments of error, and the first and second *pro se* assignments of error, renders the remaining assignments of error moot and, therefore, we need not consider them at this time.

---

"An expert witness shall be provided to an indigent defendant at an R.C. 2950.09(B)(1) sexual offender classification hearing if the court determines, within its sound discretion, that such services are reasonably necessary to determine whether the offender is likely to engage in the future in one or more sexually oriented offenses within the meaning of R.C. 2950.01(E)."

See App.R. 12(A)(1)(c). However, for the sake of judicial economy, the assignments will be dealt with at this time so that the issues therein are laid to rest.

The Public Defender's fourth and fifth assignments provide:

"Ohio's sexual predator statute violates the concepts of separation of powers because it forces a trial court to investigate, prosecute and adjudicate individuals as sexual predators."

"The adjudication provisions violate the due process clauses of the Fourteenth Amendment to the United States Constitution and Article I of the Ohio Constitution, because Ohio's classification scheme is systematically flawed."

The third *pro se* assignment, which argues the same issues as the Public Defender's fourth and fifth assignments, provides:

"III

"The state breached its plea bargain with appellant and ORC § 2950.09 violates the separation of powers of the United States and Ohio Constitutions and Denies the Appellant substantive and procedural due process guaranteed by the U.S. and Ohio Const."

The separation of powers and due process arguments presented in these assignments were similarly raised, and rejected, in *State v. Manson* (Nov. 2, 2000), Cuyahoga App. No. 76716, unreported, at 8–9, 2000 WL 1643572, citing *State v. Williams* (2000), 88 Ohio St.3d 513, 728 N.E.2d 342; *State v. Cook* (1998), 83 Ohio St.3d 404, 700 N.E.2d 570; and *State v. Ward* (1999), 130 Ohio App.3d 551, 720 N.E.2d 603. See, also, *State v. Goodall* (July 6, 2000), Cuyahoga App. No. 76491, unreported, 2000 WL 897309.

The Public Defender's fourth and fifth assignments of error, and the third *pro se* assignment of error, are overruled.

The judgment of the trial court, adjudicating Abelt to be a sexual predator, is reversed and vacated. The matter is remanded to the trial court with instructions to conduct a sexual predator determination hearing consistent with R.C. Chapter 2950, and this opinion.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

TERRENCE O'DONNELL, J., concurs separately.

ANNE L. KILBANE, J., concurs in part and dissents in part.

TERRENCE O'DONNELL, Judge, concurring.

Following the trial court's decision in this case, and while the matter remained in our court, the Supreme Court issued an opinion in *State v. Eppinger* (2001), 91 Ohio St.3d 158, 743 N.E.2d 881.

In *State v. Eppinger, the syllabus of the case reads as follows:*

"An expert witness shall be provided to an indigent defendant at an R.C. 2950.09(B)(1) sexual offender classification hearing if the court determines, within its sound discretion, that such services are reasonably necessary to determine whether the offender is likely to engage in the future in one or more sexually oriented offenses within the meaning of R.C. 2950.01(E)."

A careful reading of the above reveals that the predicate to appointment of a state-paid expert witness is the exercise of the trial court's discretion to determine whether such services are reasonably necessary to determine whether the offender is likely to engage in future sexually oriented offenses. Since the trial court has not yet had the opportunity to exercise its discretion, we have not determined any abuse of that discretion, and therefore I believe it is premature for this court to simply order the trial court to retain an expert.

In my view, we should remand the case for the trial court to reconsider the facts of this case and the law as promulgated here and in *Eppinger*. Accordingly, I would remand this case to the trial court to permit that court to exercise its discretion.

ANNE L. KILBANE, Judge, concurring in part and dissenting in part.

On this appeal from a sexual predator determination by Judge Christopher Boyko, I concur in part and dissent in part and would vacate the judgment.[2] The majority opinion finds that the state failed to present clear and convincing evidence that Abelt was a sexual predator yet inexplicably remands the case and orders the judge to appoint an expert for Abelt to provide a current psychological assessment, relying, *inter alia*, on the Ohio Supreme Court's recent opinion in *State v. Eppinger* (2001), 91 Ohio St.3d 158, 743 N.E.2d 881. What the majority fails to recognize is that, once it has determined that the state failed to present sufficient evidence, there is absolutely no need to remand the case to *now* enable Abelt to rebut what was clearly insufficient evidence of future criminal sexual predilections. The majority's bizarre resolution essentially allows the state a second opportunity to prove its case, when its initial failure to present sufficient evidence should bar further proceedings. The majority is granting the state a

---

2. "[Dissents are] appeals to the brooding spirit of the law, to the intelligence of another day." Charles Evans Hughes, Chief Justice of the United States Supreme Court 1930–1941.

new hearing (trial) despite the fact that the state never requested it or presented grounds for one, and Abelt, who prevailed in this appeal, now must prove that he is not a sexual predator, although the state failed in its burden of proof that he is one.

I agree with the majority's conclusion that the State, by failing to present evidence of Abelt's current condition, failed to show by clear and convincing evidence that he was likely to reoffend. Unfortunately, the majority then makes the following statement, with which App.R. 12 and I cannot agree:

"Since the evidence utilized by the trial court was legally insufficient to determine, by clear and convincing evidence, that Abelt was likely to reoffend and commit further sexually oriented offenses, the matter must be remanded so that the trial court can consider 'all parts of the record available to the court,' a current psychological assessment of Abelt at State's expense, and the statutory factors listed in R.C. 2950.09(B)(2)." (Quoting *Eppinger*.)

App.R. 12(B) provides:

"When the court of appeals determines that the trial court committed error prejudicial to the appellant and that the appellant is entitled to have judgment or final order rendered in his favor as a matter of law, the *court of appeals shall * * * render the judgment or final order that the trial court should have rendered,* or remand the cause to the court with instructions to render such judgment or final order." (Emphasis added.)

Based on the majority's finding that the state's evidence was legally insufficient to support its burden of proof, Abelt is entitled to judgment as a matter of law, and this court has a duty to enter that judgment or order the judge to do so. *Moncol v. N. Royalton School Dist. Bd. of Edn.* (1978), 55 Ohio St.2d 72, 76–78, 9 O.O.3d 75, 77–79, 378 N.E.2d 155, 158–159; *Leighton v. Hower Corp.* (1948), 149 Ohio St. 72, 36 O.O. 432, 77 N.E.2d 600, paragraphs two and three of the syllabus.

The issue of whether a court can or should appoint an expert to aid in a defendant's case should arise only after the state has met its burden of producing evidence and setting forth a prima facie case. A defense expert is not necessary in a case such as this, where the majority has determined that the state failed to produce sufficient evidence to support a sexual predator determination. Moreover, by "granting" Abelt a court-appointed psychiatric exam and remanding the case to allow the state to use that exam to supplement its insufficient evidence, the majority has essentially placed the burden of proof on Abelt rather than on the state.

Although *Eppinger* approved court appointment of experts for indigents, the appointment of an expert is still discretionary, and a defendant is given an uncertain (and probably slim) chance of obtaining an appointment, despite the

fact that he has now been saddled with the burden of producing evidence that he is not likely to commit a sexual offense in the future. Not only is it wrong to place the burden of producing this evidence on a defendant, that wrong is compounded when the defendant's ability to meet that burden is a matter of judicial discretion.

While I understand that the Ohio Rules of Evidence do not "strictly" apply to sexual predator determinations, *State v. Cook* (1998), 83 Ohio St.3d 404, 425, 700 N.E.2d 570, 587, such proceedings cannot be reduced to witch hunts that throw out *all* established rules in order to utilize whatever *ad hoc* rubrics are convenient to sustain the latest determination. For all who would cite this case as authority, let me state this caveat: *There is no need to rebut insufficient evidence.* The majority's remand gives the state a second opportunity when it should be barred from continuing this action against Abelt, and it improperly transfers the burden of producing evidence when, unquestionably, it should be and was placed upon the state.

I cannot fathom how the majority can intellectually justify this decision.