JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, John Badock, Jr., appeals the judgment of the Cuyahoga County Common Pleas Court that convicted and sentenced him for three counts of aggravated vehicular assault.
 {¶ 2} On June 12, 2003, appellant was driving westbound in an eastbound lane and collided head-on with another motor vehicle, causing serious injuries to the occupants of that vehicle. The City of Cleveland ("City"), in Case No. 84163, charged appellant with (1) driving with a prohibited blood-alcohol content, in violation of Cleveland Codified Ordinance ("CCO") 433.01(a)(6); (2) operating a motor vehicle while under the influence of alcohol, in violation of CCO 433.01(a)(1); and (3) traveling in violation of one-way street signs, in violation of CCO 431.30. In July 2003, appellant entered no contest pleas to the charges for driving with a prohibited blood-alcohol content and for violating the one-way street ordinance. The Cleveland Municipal Court found him guilty of these charges and sentenced accordingly. The remaining driving-under-the-influence charge was nolled.
 {¶ 3} In August 2003, a Cuyahoga County Grand Jury, in Case No. 84033, indicted appellant for (1) three counts of aggravated vehicular assault, in violation of R.C. 2903.08(A)(1); two counts of driving under the influence of alcohol, in violation of R.C.4511.19; and one count of failure to stop after an accident, in violation of R.C. 4549.02. Appellant moved to dismiss the aggravated-vehicular-assault charges on the grounds of double jeopardy, which the trial court denied. Appellant eventually pleaded no contest to the three counts of aggravated vehicular assault and the remaining charges were nolled. The court found appellant guilty and sentenced him to concurrent three-year terms of imprisonment, suspended his driving license for life and informed him that he would be subject to post-release control.
 {¶ 4} Appellant is now before this court and assigns five errors for our review. We confine our discussion, however, to appellant's fourth assignment of error, because we find it dispositive of this appeal.[1]
 {¶ 5} In this assignment of error, appellant challenges his convictions for aggravated vehicular assault. He argues that the convictions cannot stand because they violate the prohibition against double jeopardy. We agree.
 {¶ 6} The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, protects a criminal defendant from multiple prosecutions for the same offense. Oregon v.Kennedy (1982), 456 U.S. 667, 671, 102 S.Ct. 2083,72 L.Ed.2d 416. The purpose behind the prohibition against double jeopardy is that "the State, with all its resources and power, should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent, he may be found guilty."Green v. United States (1957), 355 U.S. 184, 187-188,78 S.Ct. 221, 2 L.Ed.2d 199; see, also, United States v. Scott (1978),437 U.S. 82, 87, 98 S.Ct. 2187, 57 L.Ed.2d 65. The protections afforded by the Double Jeopardy Clause confer upon a criminal defendant the right to have his trial completed by a particular tribunal. Oregon v. Kennedy, 456 U.S. at 671-672; see, also,Arizona v. Washington (1978), 434 U.S. 497, 503-504,98 S.Ct. 824, 54 L.Ed.2d 717. Section 10, Article I of the Ohio Constitution provides similar protection.
 {¶ 7} In this case, appellant was convicted of R.C.2903.08(A)(1), which provides, in relevant part:
 {¶ 8} "No person, while operating * * * a motor vehicle * * *, shall cause serious physical harm to another person * * * [a]s the proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code or of a substantially equivalent municipal ordinance * * *."
 {¶ 9} In State v. Zima, 102 Ohio St.3d 62, 2004-Ohio-1807, the Supreme Court of Ohio recently discussed the operation of R.C. 2903.08(A) and the Double Jeopardy Clause. The defendant inZima had previously been convicted in a municipal court of driving under the influence of alcohol and was then charged in common pleas court with aggravated vehicular assault under R.C.2903.08(A)(1), the latter of which includes, as a necessary element of proof, that the offender was driving under the influence of alcohol. Analyzing this statute under the "same elements" test articulated in Blockburger v. United States
(1932), 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306, the Zima
court stated:
 {¶ 10} "* * * [I]t is clear that driving under the influence is necessarily a lesser included offense of aggravated vehicular assault under R.C. 2903.08(A)(1), which proscribes causing serious physical harm to another as a proximate result of driving under the influence. By definition, a lesser included offense contains no element of proof beyond that required for the greater offense. Thus, Blockburger applies to bar successive prosecutions for greater and lesser included offenses whatever the order of trials." (Citation omitted.) Zima,102 Ohio St.3d 62, 2004-Ohio-1807, at ¶ 41.
 {¶ 11} The Zima court thereafter reversed the defendant's conviction for aggravated vehicular assault under R.C.2903.08(A)(1) on double jeopardy grounds. Id. at ¶ 42.
 {¶ 12} The same situation is present in this case. Appellant was first convicted of driving under the influence in violation of CCO 433.01(a)(6) and then convicted for aggravated vehicular assault, in violation of R.C. 2903.08(A)(1), which requires proof that appellant was driving under the influence of alcohol — the very same offense for which he was convicted in the municipal court. Because he cannot be placed in jeopardy twice for the same offense, appellant's conviction for R.C. 2903.08(A)(1) cannot stand and, as in Zima, must be reversed.
 {¶ 13} Accordingly, in Case No. 84033, we reverse appellant's convictions for aggravated vehicular assault under R.C.2903.08(A)(1), vacate the sentences imposed, and discharge appellant.
 {¶ 14} We need not address appellant's remaining assignments of error, including those set forth in Case No. 84163. See App.R. 12(A)(1)(c).
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate be sent to the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, P.J., and Celebrezze, Jr., J., Concur.
[1] See App.R. 12(A)(1)(c).