JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Joseph Sellers (appellant) appeals from the trial court's convicting and sentencing him for manslaughter, as well as denying his motion to appoint a pathology expert. After reviewing the facts of the case and pertinent law, we affirm in part, reverse in part and remand for a new trial.
 I. {¶ 2} On October 12, 1995, appellant was found guilty of aggravated assault in violation of R.C. 2903.12 and sentenced to three to five years in prison. Appellant served his time and completed the terms of his probation. On July 16, 2003, the victim of appellant's 1995 assault died, allegedly as a result of the injuries he suffered from the aforementioned offense. The victim had been in a vegetative state since appellant assaulted him approximately eight years earlier. On January 23, 2004, appellant was charged with involuntary manslaughter in violation of R.C.2903.04. Appellant filed a motion for a state funded expert witness to determine the cause of death. The court denied this motion. Appellant pled no contest, and on July 13, 2004, the court sentenced him to seven years in prison, with credit for 1437 days served from his prior assault conviction.
 {¶ 3} In relation to this appeal, the trial court determined that Cuyahoga County Common Pleas Case No. CR-328368, the October 12, 1995 assault conviction, should be made a part of the record.
 II. {¶ 4} In his first assignment of error, appellant argues that "defendant's rights under the double jeopardy clauses of the United States and Ohio Constitutions were violated when the the [sic] trial court convicted and sentenced defendant for manslaughter nine years after the conviction and sentence for aggravated assault." Specifically, appellant argues that the state prosecuted and punished him twice for a single act.
 {¶ 5} The Fifth Amendment to the United States Constitution, as well as Section 10 of Article I of the Ohio Constitution, stands for the proposition that it is wrong for one to be put in jeopardy twice for the same offense. In State v. Best (1975), 42 Ohio St.2d 530, the Supreme Court of Ohio articulated the test for double jeopardy:
"The applicable rule under the Fifth Amendment is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not. A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt a defendant from prosecution and punishment under the other."
Best at ¶ 3 of the syllabus (citing Blockburger v. United States
(1932), 284 U.S. 299, 304). See, also, R.C. 2941.25.
 {¶ 6} The two statutes in question in the case at bar are R.C. 2903.12
(aggravated assault) and 2903.04 (involuntary manslaughter). R.C. 2903.12
reads as follows:
 {¶ 7} "(A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:
 {¶ 8} "(1) Cause serious physical harm to another or to another's unborn;
 {¶ 9} "(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance * * *."
 {¶ 10} R.C. 2903.04 reads as follows:
 {¶ 11} "(A) No person shall cause the death of another or the unlawful termination of another's pregnancy as a proximate result of the offender's committing or attempting to commit a felony."
 {¶ 12} As the 1995 assault is the felony underlying appellant's conviction for involuntary manslaughter, it is axiomatic that the state could not prove the elements of involuntary manslaughter without also proving the elements of the assault. Appellant argues that he cannot subsequently be convicted under R.C. 2903.04 because the assault is a lesser included offense of involuntary manslaughter. To support his position, appellant points to State v. Badock, Cuyahoga App. Nos. 84033 and 84163, 2004-Ohio-6625. In Badock, we reversed a defendant's conviction for aggravated vehicular assault under R.C. 2903.08(A)(1) because he was first convicted of driving under the influence, which is a lesser included offense of aggravated vehicular assault. See, also, Statev. Zima, 102 Ohio St.3d 62, 2004-Ohio-1807.
 {¶ 13} In the instant case, however, the state argues that an exception to double jeopardy exists "where the state is unable to proceed on the more serious charge at the outset because additional facts necessary to sustain that charge have not occurred or have not been discovered despite the exercise of due diligence." State v. Tolbert
(1991), 60 Ohio St.3d 89, 91. Additionally, in State v. Thomas (1980),61 Ohio St.2d 254, 261 (overruled on other grounds by State v. Crago
(1990), 53 Ohio St.3d 243), the Supreme Court of Ohio stated that this exception "depends upon the circumstances existing at the time of the first trial. The reviewing court may determine whether all the actionable facts had come into being or, conversely, whether there were later occurrences which had emanated from the initial conduct, such as the death of the victim here." See, also, State v. Carter (1992),64 Ohio St.3d 218, 223 (holding that a murder offense matures when the victim dies and "[a]n earlier conviction for assault, when the victim was still alive, would not have barred a subsequent murder conviction").
 {¶ 14} Under his first assigned error, appellant also argues that the state could not reindict him after the death of the victim without first reserving its right to do so on the record. In support of this argument, appellant points to State v. Carpenter (1993), 68 Ohio St.3d 59, 62, where the Supreme Court of Ohio held that the state was required to reserve the right to file additional charges when "the court has accepted a negotiated guilty plea to a lesser offense and the victim later dies of injuries sustained in the crime." The court narrowly tailored Carpenter
to plea agreements, stating that criminal defendants enter into bargains with the state expecting that they will not be called on to account for any other charges relating to the incident. Id.
 {¶ 15} In the instant case, although appellant does not address the fact that his assault conviction was the result of a bench trial rather than a plea agreement, he asks us to expand the breadth of Carpenter's
requirement that the state reserve the right to file additional charges against him beyond plea agreement situations. We decline to do so. The Supreme Court of Ohio made it clear that this safeguard was put in place to encourage and protect plea agreements, which "are an essential and necessary part of the administration of justice." Id. at 61.
 {¶ 16} Accordingly, we find appellant's involuntary manslaughter conviction did not violate his right to not be placed in double jeopardy, and appellant's first assignment of error is overruled.
 III. {¶ 17} In his second assignment of error, appellant argues that "the trial court erred when it denied defendant's motion to appoint a pathology expert and deprived defendant of the right to due process under the Ohio Constitution and the fifth and fourteenth amendments of the United States Constitution." Specifically, appellant argues that an independent pathologist was essential to determine the cause of death in his case because of the substantial time, approximately eight years, between the offense and the death of the victim.
 {¶ 18} We review a trial court's decision whether to grant or deny expert witness funds to an indigent criminal defendant under an abuse of discretion standard. See, e.g., R.C. 2929.04. The United States and Ohio Constitutions require "that an indigent criminal defendant be provided funds to obtain expert assistance at state expense only where the trial court finds, in the exercise of a sound discretion, that the defendant has made a particularized showing (1) of a reasonable probability that the requested expert would aid in his defense, and (2) that denial of the requested expert assistance would result in an unfair trial." State v.Mason (1998), 82 Ohio St.3d 144. A defendant who requests state funds for an expert witness has the burden to establish the independent witness is reasonably necessary to defend his case. "Undeveloped assertions that the proposed assistance would be useful to the defense are patently inadequate." State v. Gumm (1995), 73 Ohio St.3d 413, 427 (internal citations omitted).
 {¶ 19} In the instant case, appellant asserted that issues relating to the cause and circumstances surrounding the victim's death required the necessity of an expert pathologist. On the other hand, the state argues that appellant did not meet the two-part Mason test and that appellant's assertion was undeveloped. The state also argues that the cause of death was undisputed, as the coroner's report stated the death in this case was a result of "bronchopneumonia due to remote blunt impact to the head." In support of its proposition that appellant's pointing to questions about the cause of death was not enough to warrant a state funded expert, the state cites to State v. Abelt (2001), 144 Ohio App.3d 168. In Abelt,
the defendant appealed after the court, in a sexual predator hearing, denied his request for an expert psychological witness to testify to his likelihood of reoffending. Although not exactly on point, we find the general philosophy of when to afford an indigent criminal defendant funds to hire an expert witness useful to the case at bar. However, the state's reliance on Abelt is fragile. In Abelt, the defendant's motion requesting an expert stated that the funds were necessary "to protect the Defendant's rights to due process, equal protection, [and] effective assistance of counsel * * *." Id. at 174. We reversed and vacated the trial court's ruling that Abelt was a sexual predator, holding that the evidence presented was insufficient to determine his likelihood of recidivism and that "the matter must be remanded so that the trial court can consider * * * a current psychological assessment of Abelt at State's expense." Id. at 175.
 {¶ 20} We feel that appellant's assertion that he needed an expert to touch upon the cause and circumstances surrounding the victim's death is certainly more developed than Abelt's assertion that he needed an expert to protect his rights in general. See, also, State v. Wolf (Dec. 11, 1992), Lake App. No. 91-L-096 (holding that "[w]hen the defendant's guilt or innocence of aggravated murder completely depends upon the determination of how the victim dies, the defendant must be provided the means of establishing that the death did not occur, physiologically, as the prosecution says it did"). In applying Mason to the instant case, we find that 1) it is reasonably probable that an expert pathologist would aid in appellant's defense because causation is the only issue, and 2) the court's denial of an expert witness led appellant to plea no contest in lieu of going to trial.[1]
 {¶ 21} Accordingly, the trial court abused its discretion when it denied appellant's motion for funding for an independent pathology expert. Appellant's second assignment of error has merit and is sustained.
 IV. {¶ 22} In his third and final assignment of error, appellant argues that "the trial court improperly sentenced defendant by finding that the worst form of manslaughter is when manslaughter results in the death of the victim. Also, the record fails to support the need for a second, consecutive term of incarceration." Specifically, appellant argues that the trial court erred by not imposing the minimum sentence and by imposing consecutive sentences.
 {¶ 23} Appellant pled no contest to involuntary manslaughter, which is a felony of the first degree, punishable by a minimum of three years in prison. R.C. 2903.04(A) and 2929.14(A)(1). The court sentenced appellant to seven years, with credit for time served for the assault conviction. This sentence is more than the minimum. However, the record reflects that appellant was given credit for the three to five year sentence he served for the 1995 assault. As such, appellant's assertion that he received consecutive sentences is unfounded and that portion of his third assignment of error will not be addressed.
 {¶ 24} Pursuant to R.C. 2929.14(B), when the court imposes a prison term, it shall impose the minimum term unless one of the following apply:
 {¶ 25} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 26} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C. 2929.14 (B)(1), (2).
 {¶ 27} In the instant case, appellant argues, and the state seems to concede, that he was a first-time offender, despite him serving a prison term in 1995. Because his 1995 sentence and his 2004 sentence arose from the same set of facts, we will assume for argument's sake that appellant had not served a prison term prior to the seven-year sentence in question. Therefore, the court would have had to find on the record that the minimum term of three years would demean the seriousness of the incident or will not adequately protect the public from future crime.
 {¶ 28} At the sentencing hearing, the court stated that the shortest prison term would demean the seriousness of appellant's conduct because the crime was violent and the injuries were severe. The court also found that the public would not be protected from appellant because of the violent nature of the crime and that appellant showed no remorse over the years because he did not visit the victim. The court also pointed out that appellant had many mitigating factors that would make recidivism unlikely.
 {¶ 29} Under R.C. 2953.08(G), an appellate court may not disturb a felony sentence imposed unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. Accordingly, "[a] trial court is given broad discretion when sentencing within the confines of statutory authority." State v. Coleman, Cuyahoga App. No. 82394, 2004-Ohio-234. Given the record in the instant case, we conclude that the trial court complied with R.C. 2929.14(B) in sentencing appellant to more than the minimum.
 {¶ 30} Appellant additionally argues that the trial court erred by finding that appellant committed the worst form of the offense because the victim "passed away." We note that is an illogical finding because all victims pass away before a charge of involuntary manslaughter may be brought. However, any resulting error is harmless, as the court was not required in this case to find that appellant committed the worst form of the offense. That finding applies to maximum prison terms, to which appellant was not sentenced. Appellant's third assignment of error is overruled.
Judgment affirmed in part, reversed in part and remanded for a new trial.
This cause is affirmed in part, reversed in part and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant and appellee share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Patricia Ann Blackmon, A.J., and Frank D. Celebrezze, Jr., J.,concur.
[1] At appellant's plea hearing, defense counsel stated, "one of the reasons that we are doing this no contest plea is to preserve the motion we filed back on March 30th, a motion for funding for an independent pathology expert, which the Court denied, but I know this Court's hands were kind of tied on that. That's the reason and we want to preserve that for possible appeal." Tr. at 4.