[Cite as *State v. Scott*, 2016-Ohio-5929.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103696**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LUGENE L. SCOTT

DEFENDANT-APPELLANT

### JUDGMENT:
AFFIRMED IN PART, VACATED IN PART, AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-582577-A

**BEFORE:** Laster Mays, J., S. Gallagher, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** September 22, 2016

**ATTORNEY FOR APPELLANT**

John F. Corrigan
19885 Detroit Road, Suite 335
Rocky River, Ohio 44116


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   Mahmoud S. Awadallah
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

**{¶1}** Defendant-appellant, Lugene L. Scott ("Scott"), appeals his guilty plea and sentence, and asks this court to remand the matter to the trial court with an order to vacate his sentence. We affirm in part, vacate in part, and remand.

**{¶2}** Scott pled guilty to voluntary manslaughter, a first-degree felony, in violation of R.C. 2903.03(A) and having a weapon while under disability, a third- degree felony, in violation of R.C. 2923.13(A)(3). Scott was sentenced to ten years incarceration for voluntary manslaughter and two years incarceration for having a weapon while under disability.

## I.    Facts

**{¶3}** In 2007, Scott was charged with shooting Damien Taylor ("Taylor") and Donnie Davidson ("Davidson"). Taylor was paralyzed as a result of the shooting. In this prior case, after a bench trial, Scott was found guilty of aggravated assault of Davidson, felonious assault of Taylor, and having a weapon while under disability. Scott was sentenced to one-year incarceration for aggravated assault, five years incarceration for the felonious assault, and three years incarceration for having a weapon while under disability, to be served consecutively for a total of nine years incarceration. Scott appealed the conviction and sentences, and this court affirmed both in *State v. Scott*, 8th Dist. Cuyahoga No. 90671, 2008-Ohio-6847.

**{¶4}** In April 2013, Taylor died from complications from the gunshot received in

2007. The coroner ruled his death a homicide. Scott was charged with aggravated murder, felonious assault, and having a weapon while under disability. Scott and the state reached a plea agreement where if Scott pled guilty to voluntary manslaughter and having a weapon while under disability, the remaining counts would be dismissed. The plea agreement also included a sentence of ten years incarceration for voluntary manslaughter and two years incarceration for having a weapon while under disability, to be served consecutively, for a total of 12 years incarceration. Scott has filed this timely appeal and assigns three errors for our review;

> I.     A five-year sentence for having a weapon while under disability is void when the maximum statutory sentence can be no greater than three years.
>
> II.    A 15-year sentence for voluntary manslaughter is void when the maximum statutory sentence can be no greater than ten years.
>
> III. Because this case is a partial reindictment of Cuyahoga C.P. No. CR-07-499259, the case should have been assigned to Judge John J. Russo.

## II.     Right to Appeal

{¶5}    A criminal sentence that is contrary to law "is appealable by a defendant; however, an agreed-upon sentence may not be appealed if (1) both the defendant and the state agree to the sentence, (2) a trial court imposes the agreed sentence, and (3) the sentence is authorized by law. R.C. 2953.08(D)(1)." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 16. The state and Scott reached a plea agreement and agreed to the sentence Scott received, we must therefore determine whether Scott's sentence is appealable. The state argues that because Scott agreed to all

the terms of his plea agreement, he cannot appeal because the sentence is authorized by law. The Supreme Court held that "a sentence is 'authorized by law' and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions. A trial court does not have the discretion to exercise its jurisdiction in a manner that ignores mandatory statutory provisions." *Id.*

{¶6} However, Scott argues that his sentence is contrary to law, because it is in excess of the statutory range. The state agrees that if Scott's sentence is contrary to law, Scott has a right to appeal in accordance with R.C. 2953.08(G)(2)(b). A sentence is contrary to law when it imposes a sentence that is not within the statutory range. *See State v. Younker*, 2015-Ohio-2066, 33 N.E.3d 111 (2d Dist.). However just because a sentence is contrary to law does not mean that it is not authorized by law. *See State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 16. "A sentence is authorized by law if it is within the statutory range of available sentences." *State v. Hawkins*, 7th Dist. Jefferson No. 07 JE 14, 2008-Ohio-1529, ¶ 7. Scott contends that his sentences do not fall within the statutory range, and therefore the sentences are not authorized by law. With this contention, we find that his agreed-upon sentence can be reviewed by this court.

## III. Unlawful Sentencing

{¶7} We follow the standard of review set forth in R.C. 2953.08(G)(2), that provides in relevant part:

The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

*State v. Watson*, 8th Dist. Cuyahoga No. 100673, 2014-Ohio-2191, ¶ 5.

**{¶8}** "An appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *State v. Marcum*, Slip Opinion No. 2016-Ohio-1002, ¶ 23. "A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies postrelease control and sentences a defendant within the permissible statutory range." *Watson* at ¶ 6.

**{¶9}** Scott argues that a five-year sentence for having a weapon while under disability is void when the maximum statutory sentence, for a third- degree felony, can be no greater than three years. In the 2007 case, Scott was sentenced to three years

imprisonment for having a weapon while under disability.  In this 2013 case, Scott was sentenced to two years imprisonment for having a weapon while under disability after agreeing to a plea deal.

{¶10}   The three -year sentence for having a weapon while under disability in 2007 and the two-year sentence for having a weapon while under disability in this 2013 case, leads Scott to reason that he was sentenced to five years imprisonment for having a weapon while under disability.  Scott contends that this five-year sentence is not consistent with the felony sentencing guidelines, that states:  "for a felony of the third-degree that is not an offense for which division (A)(3)(a) of this section applies, the prison term shall be nine, twelve, eighteen, twenty-four, thirty, or thirty-six months." R.C. 2929.14(A)(3)(b).

{¶11} The state argues that because Scott was charged with having a weapon under disability in 2007 for the felonious assault and now in the 2014 case for the voluntary manslaughter, that double jeopardy does not attach because felonious assault and voluntary manslaughter are separate offenses.  We disagree.  "The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution ensures that a state may not put a defendant in jeopardy twice for the same offense." *State v. Anderson*, 138 Ohio St.3d 264, 2014-Ohio-542, 6 N.E.3d 23, ¶ 54.  "The basic theory underlying the doctrine of double jeopardy is that it is wrong for one to be subjected more than once to the danger of being punished for an offense." *Id.*

{¶12} Scott was charged in 2007 with R.C. 2923.13(A)(3), that states,

Unless relieved from disability under operation of law or legal process, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:

The person is under indictment for or has been convicted of any felony offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse.

**{¶13}** In 2003, Scott was indicted and convicted for drug possession. In 2007, he was charged with violating R.C. 2923.13(A)(3) when he used a firearm to shoot Taylor and Davidson. Scott was charged with using one weapon in the 2007 case. Scott cannot now be put in jeopardy twice for the same offense. It is irrelevant that the state first charged Scott with felonious assault and now charged Scott with voluntary manslaughter. The single act of possession supported both charges. *See State v. Young*, 2d Dist. Montgomery No. 23642, 2011-Ohio-747, ¶ 44. Therefore, the additional two years that Scott was sentenced to in this case for having a weapon while under disability is contrary to law and therefore places the sentences outside the permissible statutory range. Scott's two-year sentence must be vacated. Scott's first assignment of error is sustained.

**{¶14}** In his second assignment of error, Scott also argues that a 15-year sentence for voluntary manslaughter is void when the maximum statutory sentence can be no greater than ten years. In 2007, Scott was found guilty of aggravated assault, felonious assault, and having a weapon while under disability. Once Taylor died in 2013, Scott pled to voluntary manslaughter and was sentenced to ten years imprisonment. He

contends that the five years he was sentenced for the felonious assault in 2007 and the ten years he was sentenced to for the voluntary manslaughter in this present case are contrary to law because it was for a single incident and offense. We disagree.

**{¶15}** Felonious assault and voluntary manslaughter are two different offenses. "The Fifth Amendment to the United States Constitution, as well as Ohio Constitution, Article I, Section 10, stand for the proposition that it is wrong for one to be put in jeopardy twice for the same offense." *State v. Sellers*, 8th Dist. Cuyahoga No. 85611, 2005-Ohio-6010, ¶ 5.

> The Supreme Court of Ohio articulated the test for double jeopardy. The applicable rule under the Fifth Amendment is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not. A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt a defendant from prosecution and punishment under the other.

*Id*.

**{¶16}** The two statutes in question in the case at bar are R.C. 2903.11 (felonious assault) and 2903.03 (voluntary manslaughter). R.C. 2903.11 reads as follows, "(A) no person shall knowingly do either of the following: (1) Cause serious physical harm to another or to another's unborn." R.C. 2903.03 reads as follows:

> No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly cause the death of another or the unlawful termination of another's pregnancy.

**{¶17}** The single act of shooting Taylor caused the felonious assault. The voluntary manslaughter required the proof of an additional fact, the death of Taylor. Therefore, a conviction of felonious assault does not exempt Scott from prosecution and punishment under voluntary manslaughter.

**{¶18}** An exception to double jeopardy exists where the state is unable to proceed on the more serious charge at the outset because additional facts necessary to sustain that charge have not occurred or have not been discovered despite the exercise of due diligence. *Sellers*, 8th Dist. Cuyahoga No. 85611, 2005-Ohio-6010, ¶ 13. The Supreme Court of Ohio has stated that this exception depends upon the circumstances existing at the time of the first trial. *Id.* A reviewing court may determine whether all the actionable facts had come into being or, conversely, whether there were later occurrences that had emanated from the initial conduct, such as the death of the victim. *Id.*

**{¶19}** The state could not indict Scott for voluntary manslaughter because Taylor had not yet died. After Taylor's death, the state was legally permitted to charge him in the death of Taylor. Accordingly, Scott's assignment of error is overruled.

## IV. Reindictment

**{¶20}** Scott argues that because this case is a partial reindictment of Cuyahoga C.P. No. CR-07-499259, the case should have been assigned to Judge John J. Russo. Scott points to Loc.R. 30.0(E)(2) of the Court of Common Pleas of Cuyahoga County, General Division, that states, "Cases will be re-assigned to judges when: (2) [a] single

defendant has a pending case. The case shall then be assigned to the docket of the Judge with the pending case." However, the 2007 case was not a pending case because the judge had already rendered a decision on it. A "decided case is not a pending case." *Viock v. Stowe-Woodward Co.*, 6th Dist. Erie No. E-86-68, 1987 Ohio App. LEXIS 5885 (Feb. 6, 1987). Scott's third assignment of error is overruled.

{¶21} Judgment is affirmed in part, vacated in part, and remanded to the trial court for proceedings consistent with this opinion.

It is ordered that the appellant and appellee split costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

PATRICIA ANN BLACKMON, J., CONCURS;
SEAN C. GALLAGHER, P.J., DISSENTS WITH SEPARATE OPINION


SEAN C. GALLAGHER, P.J., DISSENTING:

{¶22} I respectfully dissent from the majority's conclusion to reverse. I would affirm Scott's conviction in all respects. First and foremost, Scott has not raised or cited any authorities in support of a claim that his second prosecution violated the tenets of the

Double Jeopardy Clause of the United States Constitution as required by App.R. 16(A)(7); *State v. Tate*, 140 Ohio St.3d 442, 2014-Ohio-3667, 19 N.E.3d 888, ¶ 21. Contrary to the majority's claim, the first assignment of error does not even reference "double jeopardy." In Scott's first assignment of error, he claims the trial court erred by stacking his sentences on the counts of having weapons while under disability to create an aggregate five-year term. The state created this confusion by raising the double jeopardy issue in response; however, by failing to raise any objection to the prosecution based on the principle of double jeopardy in the trial court proceedings and again in this appeal, Scott has forfeited any claim that the state violated Scott's right against being twice held in jeopardy for the same offense. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 21. We need not reach the state's issue. For this reason alone, I would affirm.

{¶23} As troubled as I am with the state's decision to reindict Scott for having a weapon while under disability under the circumstances of the current case, I cannot agree that such a decision leads to reversible error even beyond the *Tate* issue. Scott agreed, as part of his plea deal to lesser charges, to forfeit his ability to challenge the merger of the sentences that would have protected him from being sentenced to duplicative terms.

{¶24} Second, the majority's analysis of R.C. 2953.08 is in need of clarification. A defendant enjoys a limited right to appeal sentences under R.C. 2953.08. *State v. Marcum*, Slip Opinion No. 2016-Ohio-1002, ¶ 22. For example, the defendant has the right to seek appellate review of any sentence consisting of the maximum term allowed

for an offense, any prison sentence imposed for a fourth- or fifth-degree felony in certain situations, a sentence stemming from certain violent sex offenses, any sentence that included an additional prison term imposed pursuant to R.C. 2929.14(B)(2)(a), or any sentence that is contrary to law. R.C. 2953.08(A); *State v. Ortiz-Rojas*, 8th Dist. Cuyahoga No. 103688, 2016-Ohio-5138, ¶ 2; *State v. Ongert*, 8th Dist. Cuyahoga No. 103208, 2016-Ohio-1543, ¶ 8. Even if any of those exceptions apply, however, "a sentence is not subject to review" if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution, and is actually imposed by the sentencing judge. R.C. 2953.08(D)(1). In this case, the sentence was jointly recommended by the parties and was actually imposed, so the only remaining question is whether the sentence imposed was "authorized by law."

**{¶25}** The Ohio Supreme Court has created a distinction between "authorized by law" and "contrary to law. *See State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 21. A sentence is "contrary to law" if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *Ortiz-Rojas* at ¶ 3. On the other hand, a sentence is "authorized by law" and not appealable within the meaning of R.C. 2953.08(D)(1) "only if it comports with all mandatory sentencing provisions." *Underwood* at ¶ 20. It cannot be concluded that a sentence that is contrary to law can somehow be authorized by law. As the Ohio Supreme Court recognized, a sentence that

fails to comport with mandatory sentencing provisions is both contrary to law and not authorized by law. However, the inverse is not necessarily true. A sentence that is not contrary to law is not necessarily authorized by law. If mandatory sentencing provisions were not applied but the sentence was otherwise within the applicable ranges then the sentence is not contrary to law, but it also is not authorized by law. *See id.*

{¶26} With that observation in mind, I respectfully do not agree with the majority's conclusion that Scott's sentence is not authorized by law because he was not sentenced within the statutory range. He was. Scott's sentence comports with all mandatory sentencing provisions, and the sentences are within the applicable statutory ranges for each individual offense. In Ohio, sentences can only be imposed on individual counts. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 13. Scott's sentence on the voluntary manslaughter count was the ten-year maximum allowed by law. Similarly, the sentence imposed for Scott's violation of having a weapon under disability was two years, again within the applicable sentencing range. On the individual sentences, Scott was sentenced within the bounds of the law, and there is no argument that the trial court failed to apply any mandatory sentencing provision. We cannot review Scott's sentences according to the unambiguous limits to appellate review imposed under R.C. 2953.08(D)(1).

{¶27} Scott is really objecting to the consecutive service of his sentences as between the two cases. Scott, however, has not challenged the trial court's decision to impose consecutive service of his newest prison terms, even if he could in light of his

plea agreement.   Instead of recognizing the self-imposed limitation from his plea deal in that he agreed to serve his newest sentences consecutive to the earlier case, Scott blurs the distinction between individual sentences and a trial court's decision to impose those prison terms to be served consecutively.   Imposing sentences to be served consecutively is not a sentence imposed on an individual felony offense.   As a result, when determining whether a sentence is "authorized by law," we look to the individual terms, not to the consecutive or concurrent execution of those penalties.   *See State v. Sergent*, Slip Opinion No. 2016-Ohio-2696, ¶ 30.   Scott agreed to consecutive service of the sentences imposed and thus cannot shoehorn his argument against consecutive service into one in which he challenges the individual sentences.   I would affirm Scott's conviction and final sentence in all respects.