OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, Gino Caporini, appeals the decision of the Jefferson County Court of Common Pleas that ordered he serve a total of twenty years in prison for committing ten first and third degree felonies. In his appeal, Caporini only challenges the sentence the trial court imposed upon him. However, R.C.2953.08(D) prohibits Caporini from making those arguments on appeal.
 {¶ 2} In this case, Caporini was indicted for five counts of rape and five counts of gross sexual imposition. Each of the rape counts contained a specification charging him with committing the act against a child that was less than thirteen years old. Eventually, Caporini pled guilty to each count in the indictment and the State dropped the age specifications. In addition, the parties jointly recommended that the trial court sentence Caporini to maximum ten-year sentences for each of the rape counts, combine them into two groups, and order that those two groups be served consecutively. They also recommended that the trial court sentence him to four years for each count of gross sexual imposition and order that those be served consecutive to each other, but concurrent to the sentences for rape. The trial court accepted the plea and sentenced Caproini in accordance with the recommendation, which amounted to a total of twenty years in prison. Caporini did not timely appeal this sentence, but we granted his motion for a delayed appeal.
 {¶ 3} Pursuant to R.C. 2953.08(D), a defendant cannot appeal a sentence which "is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." A sentence is authorized by law if it is within the statutory range of available sentences.State v. Gray, 7th Dist. No. 02 BA 26, 2003-Ohio-805, at ¶ 10.
 {¶ 4} The Ohio Supreme Court's recent decision in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-0856, does not change this rule of law. In Foster, the Ohio Supreme Court held that portions of Ohio's felony sentencing scheme were unconstitutional and severed those unconstitutional portions from the felony sentencing statutes. In doing so, the Ohio Supreme Court left the range of sentences authorized by law unchanged. Thus, any sentence imposed upon an offender within the statutory range remains a sentence authorized by law.
 {¶ 5} In this case, the sentence the trial court imposed fell within the statutory range and, therefore, was authorized by law. Since Caporini's sentence was jointly recommended, authorized by law, and imposed by the trial court, he cannot appeal that sentence. Accordingly, the judgment of the trial court is affirmed.
Donofrio, P.J., concurs.
Vukovich, J., concurs.