OPINION *Page 2 
{¶ 1} Defendant-appellant Marcus Harris appeals the post-Foster consecutive sentences entered by the Jefferson County Common Pleas Court after a prior remand from this court. The issue on appeal is whether the trial court was permitted to enter non-minimum, consecutive sentences or whether application of the Foster severance remedy created an ex post facto problem by way of the due process clause. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} On September 11, 2003, two masked men entered the home of Scott and Angela Mellinger. One intruder held their eleven-year-old son on the floor at gunpoint while the other, later identified as appellant, entered the master bedroom. After orders were issued, Scott wrestled with appellant while Angela called the police. Appellant shot Scott once superficially across his abdomen. Thereafter, appellant shot Scott in the head.
 {¶ 3} Appellant was indicted for aggravated murder with prior calculation and design and for aggravated murder while committing or attempting to commit, or while fleeing immediately after committing or attempting to commit, kidnapping, robbery or burglary. See R.C.2903.01(A) and (B). Death specifications were added to the latter charge. Appellant was also indicted for two counts of kidnapping, two counts of aggravated burglary, four counts of aggravated robbery and two counts of felonious assault. All counts contained firearm specifications.
 {¶ 4} On November 8, 2004, a jury trial commenced. On November 19, 2004, the jury found appellant not guilty of aggravated murder with prior calculation and design. However, the jury found him guilty of aggravated murder during a robbery, kidnapping and burglary and guilty of the death specifications. The jury also found appellant guilty of the remaining offenses.
 {¶ 5} The mitigation hearing proceeded on November 30, 2004. The jury recommended life without parole. The trial court imposed this recommended sentence for the aggravated murder. This sentence is not before us. *Page 3 
 {¶ 6} In sentencing appellant for the remaining offenses, the court merged various counts and sentenced appellant as follows: ten years for two merged kidnapping counts; ten years for two merged aggravated burglary counts; ten years for two merged aggravated robbery counts regarding Scott; ten years for two merged aggravated robbery counts regarding Angela; eight years for the felonious assault of Angela; and, eight years for the felonious assault of the child. All sentences were ordered to run consecutively, except for the ten-year sentence on the merged aggravated robbery counts regarding Scott which were to run concurrently, for a total of forty-six years. Consecutive to this, fifteen years were added for five firearm specifications, for a total of sixty-one years.
 {¶ 7} This court affirmed appellant's convictions in his direct appeal. State v. Harris, 7th Dist. No. 04JE44, 2006-Ohio-3520. However, we reversed and remanded his sentence under Foster. Id. at ¶ 123, citingState v. Foster, 109 Ohio St. 3d 1, 2006-Ohio-0856. We also modified his sentence so that the firearm specifications ran concurrently with each other. Id. at ¶ 134.
 {¶ 8} Resentencing took place on July 19, 2006, and the sentence was journalized the next day. The trial court now ordered ten-year sentences for all offenses (including the two offenses for which the court previously imposed only eight years). The court ordered the terms merged and served as in its prior entry. Thus, after merger, all terms ran consecutively, except the merged counts of aggravated robbery regarding Scott which ran concurrently, for a total of fifty years. The court then added a consecutive term of three years for the sole remaining firearm specification for a grand total of fifty-three years on the offenses (other than the aggravated murder for which life without parole was reimposed). Appellant filed timely notice of appeal.
 ASSIGNMENT OF ERROR {¶ 9} Appellant's sole assignment of error provides:
 {¶ 10} "THE TRIAL COURT ERRED BY SENTENCING MARCUS HARRIS TO NON-MINIMUM, MAXIMUM, AND CONSECUTIVE PRISON TERMS BASED ON FACTS NOT FOUND BY THE JURY OR ADMITTED BY HARRIS, VIOLATING HIS *Page 4 
RIGHTS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION."
 {¶ 11} Appellant urges that since the sentencing statutes utilized to sentence an offender to more than minimum, concurrent sentences have been declared unconstitutional, he cannot be sentenced to more than the minimum sentence of three years for all of his offenses (other than aggravated murder, for which the sentence of life without parole is not contested). He contends that the Foster severance remedy cannot be applied to him because it unconstitutionally retroactively increases the presumption of concurrent, minimum sentences and it conflicts with the legislature's intent in enacting the "truth in sentencing" reforms of Senate Bill 2.
 {¶ 12} Initially, we note that ex post facto issues are ripe for review after the offender has been resentenced under Foster. State v.Stroud, 7th Dist. No. 05MA179, 2006-Ohio-7079, ¶ 16. Since appellant has been resentenced under Foster, the issue is now properly before us and was not waived by failing to raise it in the prior appeal.
 {¶ 13} Next, we note that the ex post facto clause applies to legislation, not judicial decisions. See Art. I, Sec. 10. See, also, Art. II, Sec. 28. The clause prohibits in part laws that change the punishment and inflict greater punishment than the law annexed to the crime when committed. Rogers v. Tennessee (2001), 532 U.S. 451. Similar restrictions have been imposed upon judicial holdings since an unforeseeable judicial enlargement of a criminal statute that applies retroactively operates just like an ex post facto law. Bouie v.Columbia (1964), 378 U.S. 347, 353. However, the issue regarding retroactive judicial decisions is framed in terms of due process.Rogers, 532 U.S. at 459; State v. Garner (1995), 74 Ohio St.3d 49, 57.
 {¶ 14} This court has recently found no merit to the argument presented by appellant herein. State v. Palmer, 7th Dist. No. 06JE20,2007-Ohio-1572. Such holding is the trend in the appellate courts, and we shall maintain our Palmer holding at this time. There are at least three main reasons for the holding.
 {¶ 15} First, the courts have expressed confidence that the Ohio Supreme Court would not direct them to violate the constitution. See, e.g., Palmer, 7th Dist. No. 06JE20 at ¶ 69, 75; Newman, 9th Dist. No. 23038 at ¶ 11. This refers to the Supreme Court's application of its severance remedy to the Foster defendants, remand for *Page 5 
unfettered resentencing and its directive to apply the Foster remedy to all cases pending on direct appellate review. We also note that the Ohio Supreme Court denied a reconsideration motion in Foster, which motion urged that the Foster holding was violative of the ex post facto clause.State v. Foster, 109 Ohio St.3d 1408, 2006-Ohio-1703.
 {¶ 16} Second, there is the basic rationale that we must follow mandates of the Ohio Supreme Court and that we lack the authority to declare such a mandate unconstitutional. This court has explained in dicta:
 {¶ 17} "Additionally, we cannot overturn holdings of the Ohio Supreme Court. See State v. Hudson (May 12, 2000), 7th Dist. No. 98CA57. Rather, we are bound by them. See id. Thus, for instance, we could not find that the remedy announced by the Foster Court was violative of separation of powers or ex post facto clauses." State v. Mills, 7th Dist. No. 06BE14,2006-Ohio-7077, ¶ 26.
 {¶ 18} In Palmer, we reiterated that we cannot make an ex post facto/due process ruling that would defeat the specific directive of the Ohio Supreme Court. Palmer, 7th Dist. No 06JE20 at ¶ 62, 69, 74, 75. Although Foster did not directly address the due process issue raised herein, the Foster remedy was not dicta, and thus, it must be followed by this court. Other courts agree that the ex post facto issue and its related due process argument are not cognizable in the appellate courts as such courts cannot defeat a Supreme Court directive. See, e.g.,State v. Moffo, 2d Dist. No. 2005-CA-131, 2006-Ohio-5764, ¶ 26;State v. Newman, 9th Dist. No. 23038, 2006-Ohio-4082, ¶ 11. As these courts note, the appellants can still raise the issue in a subsequent appeal to the Supreme Court. See id.
 {¶ 19} Third, in specifically applying this due process analysis toFoster, appellate courts have alternatively found that theFoster remedy is not unconstitutionally retroactive. Palmer, 7th Dist. No. 06JE20 at ¶ 63-68, 70-73, 75. See, also, State v. Doyle, 12th Dist. No. CA2005-11-202, 2006-Ohio-5373, ¶ 50; State v. Smith, 2d Dist. No. 21004, 2006-Ohio-4405, ¶ 33-34. Specifically, the defendants in the respective cases were found to have had notice of the statutory ranges and maximums regardless of the later excision of the statutory factors. See id. *Page 6 
 {¶ 20} The Third District has gone through the analysis in great detail. State v. McGhee, 3d Dist. No. 17-06-05, 2006-Ohio-5162. Besides concluding that the defendant was on notice of the range of sentences, which remained unchanged, they also concluded that Foster did not affect a vested right or an accrued substantive right. Id. at ¶ 16, 20, 23-25. Specifically, they stated that the sentencing statutes at most created a presumption of minimum, concurrent sentences. Id. at ¶ 24, citingFoster, 109 Ohio St. 3d 1 at ¶ 49. "By its very definition a presumption is not guaranteed." Id. at ¶ 24, citing Black's Law Dictionary (7th Ed. 1999), 1368. The McGhee court noted that the defendant understood that his sentence is dependent upon the judge; in fact, this is true even where a plea is negotiated with the prosecutor. Id. at ¶ 24. Thus, the court surmised that a presumed sentence that can be taken away without the defendant's consent is not a vested right affected byFoster. Id. The court likewise concluded that Foster did not destroy a substantial right because offenders are not entitled to expect certain sentences except those within the range. Id. at ¶ 25.
 {¶ 21} A much-cited federal circuit court decision has held similarly in analyzing the Booker remedy. In Booker, the United States Supreme Court held that the federal sentencing statutes were unconstitutional if they were mandatory and then created a remedy by declaring the guidelines advisory. United States v. Booker (2005), 543 U.S. 220. Subsequently, the Seventh Circuit found that the holding inBooker was remedial and did not violate the due process clause through an ex post facto holding. United States v. Jamison (C.A. 7, 2005), 416 F.3d 538, 539. Appellant's due process argument lacks merit.
 {¶ 22} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
 DeGenaro, P.J., concurs. Donofrio, J., concurs. *Page 1