OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs and their oral arguments to this Court. Appellant, Stephen Reese, appeals the decision of the Jefferson County Court of Common Pleas finding him guilty of twenty seven counts of sexual conduct of varying degrees involving a five year old minor and sentencing him to two consecutive life terms of imprisonment on counts one through eleven of the indictment, plus eight consecutive years of imprisonment on counts twelve through twenty seven. With this appeal, Reese challenges the effectiveness of his counsel's assistance and the validity of his plea. Because the record indicates his plea was knowing and voluntary and because Reese's sentence was jointly recommended, his two assignments of error are without merit. Accordingly, the decision of the trial court is affirmed.
 {¶ 2} On April 3, 1999, Reese took part in sexual acts with his five year old niece. The State claimed that the victim witnessed her mother and father having sex and subsequently asked her "Uncle Stevie" what sex was about. The victim later told the authorities that she performed oral sex on Reese on that date. Reese gave a statement confirming that act did in fact take place.
 {¶ 3} After the statement was given, police executed a search warrant on Reese's home and discovered over 300 pornographic tapes. One of the tapes contained footage of Reese committing numerous sexual offenses on his five year old niece. The acts included the victim performing oral sex on Reese, Reese touching the victim's vagina, and two separate orgasms by Reese. On the tape, the victim repeatedly asked Reese to please stop. Reese responded to these requests by telling the victim that if she failed to cooperate he would tie her up like he did "last time."
 {¶ 4} On August 8, 2001, Reese was indicted by the Grand Jury on eleven counts of rape in violation of R.C. 2907.02(A)(1)(b) with force specifications, two counts of pandering sexually oriented material involving a minor in violation of R.C. 2907.322(A)(1), six counts of sexual battery in violation of R.C. 2907.03(A)(5), five counts of gross sexual imposition in violation of R.C. 2907.05, two counts of child endangering in violation of R.C. 2919.22(B)(5), and lastly, two counts of sexual conduct involving a different victim in *Page 2 
violation of R.C. 2907.04(A) and (B)(3).
 {¶ 5} Initially, Reese pled not guilty to all of these counts. The trial court then ordered a competency evaluation where it was determined by a clinical psychologist that Reese:
 {¶ 6} "has an IQ of 74; he is not mentally retarded. His memory is grossly intact as measured by a highly reliable instrument; he has had no head trauma to suggest that he is any less impaired than five years ago. He has a driver's license, has children, and has had at least one long term relationship, has another girlfriend, and has been functioning sufficiently to avoid crimes and imprisonment up until now. All this suggests that he functions fairly well in society up until these charges were filed.
 {¶ 7} The clinical psychologist made multiple other findings that would only suggest that Reese understood the nature of the circumstances relating to his change of plea and subsequent sentencing. Thus, the trial court proceeded to conduct the appropriate Rule 11 colloquy at the subsequent change of plea hearing. Only after a thorough exchange took place between the trial court, counsel, and the accused, the court sentenced Reese to two consecutive life terms of imprisonment on counts one through eleven of the indictment, plus eight consecutive years of imprisonment on counts twelve through twenty seven. (Notably, the trial court could have sentenced Reese to a total of eleven life sentences plus ninety two additional years.)
 {¶ 8} As his first assignment of error, Reese states:
 {¶ 9} "Appellant received constitutionally ineffective assistance of counsel leading to an invalid plea."
 {¶ 10} With this assignment, Reese claims counsel was ineffective for failing to properly explain the nature of the proceedings to him and that counsel coerced him into taking a plea. Finally Reese claims that counsel failed to take into account his mental deficiencies.
 {¶ 11} To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate counsel's performance was deficient and that deficient performance prejudiced the defense. Strickland v.Washington (1984), 466 U.S. 668, 687, *Page 3 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693. A properly licensed attorney is presumed to execute his duties in an ethical and competent manner.State v. Smith (1985), 17 Ohio St.3d 98, 477 N.E.2d 1128. Ineffectiveness is demonstrated by showing that counsel's errors were so serious that he or she failed to function as the counsel guaranteed by the Sixth Amendment. State v. Hamblin (1988), 37 Ohio St.3d 153,524 N.E.2d 476. To establish prejudice, a defendant must show there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Strickland at 694. A reasonable probability must be a probability sufficient to undermine confidence in the outcome of the case. State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373, paragraph three of the syllabus. The defendant bears the burden of proof in demonstrating ineffective assistance of counsel.Smith.
 {¶ 12} In Hill v. Lockhart (1985), 474 U.S. 52, 106 S.Ct. 366,88 L.Ed.2d 203, the United States Supreme Court held that theStrickland two-prong "ineffective assistance of counsel test" applies in cases involving guilty pleas made as a result of alleged ineffective assistance of counsel. The court explained:
 {¶ 13} "Where a defendant enters a plea of guilty upon counsel's advice, the voluntariness of the plea depends on whether the advice was within the range of competence demanded of attorneys in criminal cases. The two-part standard adopted in Strickland for evaluating claims of ineffective assistance of counsel * * * applies to guilty plea challenges based on ineffective assistance of counsel. In order to satisfy the second, or `prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366,88 L.Ed.2d 203. See, also, State v. Elliott (1993), 86 Ohio App.3d 792,621 N.E.2d 1272.
 {¶ 14} Here, Reese has failed to allege that he would have done anything but plead guilty to the charges. Because he has not established that he would have done anything differently had he been given effective assistance of counsel, he has failed to meet the prejudice requirement as described in Hill. Accordingly, this would be sufficient grounds to find his claim of ineffective assistance of counsel meritless. *Page 4 
 {¶ 15} Moreover, even if Reese could show prejudice, his claim fails for several other reasons. First, Reese claims that because he was learning disabled and developmentally handicapped, he could not comprehend the nature of the charges against him or the consequences of pleading guilty. However, his competency evaluation reveals that,
 {¶ 16} "He does not suffer from a severe mental disease or defect, but does have severe behavioral problems.
 {¶ 17} "It is the opinion of this Psychologist, with reasonable scientific certainty, that although the defendant suffers from depression and anxiety, he is aware of the nature of the charges against him. He is aware of the adversarial nature of the proceedings. He is able to adequately assist his attorney in his defense, and participate in a trial."
 {¶ 18} Reese further maintains that it is clear from the plea hearing transcript that he did not understand the charges against him. The following exchange took place on the record regarding Reese's plea:
 {¶ 19} The Court: Okay Mr. Reese, did you hear all that?
 {¶ 20} Reese: Yeah.
 {¶ 21} The Court: And did you follow it all?
 {¶ 22} Reese: Yeah.
 {¶ 23} The Court: I know that Mr. McNamara has taken sometime to explain it to you. Has he explained it sufficiently that you understand it?
 {¶ 24} Reese: Yeah.
 {¶ 25} The Court: Okay. And you think you want to do that? You think you want to go through with this?
 {¶ 26} Reese: Yeah.
 {¶ 27} The Court: Okay. Before I allow you to do that, I have to go through some things with you. First, I have to tell you that you don't have to plead guilty. You could go to trial if you wanted to. Do you understand that?
 {¶ 28} Reese: Yeah. *Page 5 
 {¶ 29} The Court: But by your plea of guilty you're waiving or giving up whatever defenses you may have, you're admitting guilt and there won't even be a trial. Do you understand that?
 {¶ 30} Reese: Yeah.
 {¶ 31} The Court: I need to know that your new plea is being entered voluntarily. So, I'm going to ask you. Are you entering your new plea voluntarily?
 {¶ 32} Reese: Yes.
 {¶ 33} The Court: Has anyone promised you anything in order to get you to enter this plea other than what I've heard here in the courtroom this morning?
 {¶ 34} Reese: No.
 {¶ 35} The Court: Now, you understand that even though there's an agreed recommendation of sentence in this case that I'm free to disregard that agreed recommendation of sentence and I could sentence you any way I want to consistent with the degrees of the — degrees of offenses that are presented here.
 {¶ 36} Reese: Yes, Your Honor.
 {¶ 37} The court then goes on to explain the possible sentences and punishments that could be imposed upon Reese. Reese demonstrates his understanding by asking questions of the court regarding his sexual predator status like whether he has to report to the sheriff of a county if he merely visits a county as opposed to moving to it. Reese also shows that he is following the court's explanation of the lifetime firearm disability by commenting that he doesn't "believe in those anyway." The portion of the transcript to which Reese specifically objects, however, is the following exchange regarding the nature of the charges:
 {¶ 38} The Court: Okay. Now, with respect to Counts One through Eleven, for there to be a — a conviction on those, a jury would have to be convinced beyond a reasonable doubt that you had sexual conduct, which I guess in this case is mostly intercourse, with a child under the age of 13 and you did it by force. Do you understand that?
 {¶ 39} Reese: Yea. *Page 6 
 {¶ 40} The Court: With respect to the pandering, what did you do that got you in trouble?
 {¶ 41} Reese: I don't know, made a videotape I guess.
 {¶ 42} The Court: Excuse me?
 {¶ 43} Reese: Made a videotape I guess.
 {¶ 44} The Court: Okay. It was a pornographic videotape?
 {¶ 45} Reese: Yeah.
 {¶ 46} The Court: The involved these — this 5 year old?
 {¶ 47} Reese: I guess, yeah.
 {¶ 48} The Court: Okay. And — and you understand that a jury would have to find those facts to be true beyond a reasonable doubt before they could convict you of those.
 {¶ 49} Reese: Yeah.
 {¶ 50} The Court: The sexual battery, Counts Fourteen through Nineteen, what did you do that got — those were part of the rapes.
 {¶ 51} Reese: I don't know. What's he talking about?
 {¶ 52} Counsel: If I may, Your Honor, is it all right if I respond?
 {¶ 53} The Court: Well, understand where I'm going here. It's important to me that he understands what a jury would have to be convinced of. So, I want to make sure he understands basically what the elements of these offenses are. Do you want to —
 {¶ 54} Counsel: Well, he understands that sexual battery is a lesser-included offense of rape, that it involves sexual conduct with a child, not unlike a rape charge. He understands that gross sexual imposition is also a lesser-included offense that is primarily a touching offense but the specific details of which elements make up which of the crimes or distinguish them, I don't believe Mr. Reese has a really clear understanding of and we have gone over them before. I don't believe he could define for you the elements of each but he does understand that they're also sexually-oriented offenses, that the gross sexual imposition involves primarily touching as opposed to oral or vaginal penetration like sexual battery and rape would involve. He also understands that every one of these *Page 7 
allegations — every one of these counts involves an allegation that it is a child under 13 years of age and he understands that as to all of the rape charges there is an allegation of threat of force.
 {¶ 55} The Court: Well, force or threat of force.
 {¶ 56} Counsel: Correct.
 {¶ 57} The Court: Do you understand that?
 {¶ 58} Reese: Yes.
 {¶ 59} Reese now claims on appeal that this exchange demonstrates that counsel failed to explain the nature of the charges to Reese. However, it appears that, although Reese may not have had a technical understanding of the charges, counsel explained the charges as best he could so that a layperson could understand them. Accordingly, it does not appear from the record that counsel was ineffective in rendering assistance regarding the plea.
 {¶ 60} Nevertheless, Reese argues that based upon several factors outside of the record, counsel was biased against Reese and therefore coerced him into pleading guilty. For example, Reese claims that counsel had a personal relationship with both the sheriff and judge. However, these types of accusations and claims are inappropriate for a direct appeal and therefore they should not be considered by this court. Thus, this assignment of error is meritless.
 {¶ 61} As his second assignment of error, Reese argues:
 {¶ 62} "Appellant was sentenced in violation of his Fifth Amendment right to due process of law and Sixth Amendment right to a jury trial."
 {¶ 63} With this assignment, Reese challenges the sentence the trial court imposed upon him. However, R.C. 2953.08(D) prohibits Reese from making those arguments on appeal.
 {¶ 64} In this case, Reese pled guilty to counts one through twenty-seven of the indictment. As part of that plea agreement, Reese agreed to a jointly recommended sentence and the trial court imposed the sentence jointly recommended by the parties. The jointly recommended sentences were within the statutory range. *Page 8 
 {¶ 65} Pursuant to R.C. 2953.08(D), a defendant cannot appeal a sentence which "is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." A sentence is authorized by law if it is within the statutory range of available sentences. State v. Gray, 7th Dist. No. 02 BA 26, 2003-Ohio-805, at ¶ 10.
 {¶ 66} The Ohio Supreme Court's recent decision in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-0856, does not change this rule of law. In Foster, the Ohio Supreme Court held that portions of Ohio's felony sentencing scheme were unconstitutional and severed those unconstitutional portions from the felony sentencing statutes. In doing so, the Ohio Supreme Court left the range of sentences authorized by law unchanged. Thus, any sentence imposed upon an offender within the statutory range remains a sentence authorized by law. This court has previously recognized this in State v. Caporini, 7th Dist. No. 05 JE 32,2006-Ohio-3095, and State v. Byer, 7th Dist. No. 05 CA 827,2006-Ohio-3093.
 {¶ 67} In this case, the sentence the trial court imposed fell within the statutory range and, therefore, was authorized by law. Since Reese's sentence was jointly recommended, authorized by law, and imposed by the trial court, he cannot appeal that sentence. Reese's second assignment of error is also meritless
 {¶ 68} Accordingly, the judgment of the trial court is affirmed.
Vukovich, J., concurs.
 Waite, J., concurs. *Page 1