OPINION *Page 2 
{¶ 1} Defendant-appellant Cassius Hawkins appeals from his sentence entered in the Jefferson County Common Pleas Court for possession of drugs, a violation of R.C. 2925.11(A), (C)(4)(e), a first degree felony; tampering with evidence, a violation of R.C. 2921.12(A)(1), a third degree felony, and aggravated menacing, a violation of R.C. 2903.21(A), a first degree misdemeanor. Two issues are raised in this appeal. The first issue is whether the Ohio Supreme Court's decision in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, violated the United States Constitution's prohibition against ex post facto laws. The second issue is whether after Foster and its severance of the statutory provision regarding consecutive sentences, the trial court was authorized to impose consecutive sentences. For the reasons stated below, the judgment of the trial court is affirmed.
 STATEMENT OF CASE {¶ 2} Hawkins was indicted on July 12, 2006. The indictment contained six counts. Only the first, third, fifth and sixth counts applied to Hawkins. The remaining counts applied to Shantel Brown-Hawkins (Hawkins' wife). Only the counts applying to Hawkins are discussed. The first count alleged that on July 3, 2006, Hawkins knowingly possessed crack cocaine in violation of R.C. 2925.11(A) and (C)(4)(e). This count contained a specification that a 2000 Mazda 626 automobile was derived directly or indirectly from the proceeds of the commission of a felony drug offense or was used to facilitate the commission of a felony drug offense. Thus, the car was subject to criminal forfeiture. The third count alleged that on July 3, 2006, Hawkins tampered with evidence in violation of R.C. 2921.12(A)(1). The fifth count alleged that on July 3, 2006, Hawkins, while he was under disability, illegally possessed a firearm, a violation of R.C. 2923.13(A)(3). The sixth count of the indictment alleged that on July 5, 2006, Hawkins did knowingly cause a law enforcement officer to believe that he would cause serious physical harm to the law enforcement officer in violation of R.C. 2903.21(A).
 {¶ 3} On October 2, 2006, the state nolle prosequied count five of the indictment and the specification to count one of the indictment. That same day, *Page 3 
Hawkins changed his plea from not guilty to guilty. Thus, he entered a guilty plea to possession of drugs, tampering with evidence and aggravated menacing. Prior to accepting the plea, the trial court determined that the plea was entered into knowingly, voluntarily and intelligently. (10/02/06 Tr. 4-21). It then proceeded to sentence Hawkins. He was sentenced to ten years for the possession of drugs conviction, five years for the tampering with evidence conviction and sixty days for the aggravated menacing conviction. All of the ten year sentence was mandatory pursuant to R.C. 2925.11(C)(4)(e). The court ordered the ten year sentence to run consecutive to the five year sentence. The sixty day sentence was ordered to run concurrent with the other two sentences. In the trial court's sentencing entry, it explicitly stated that the "parties entered into an agreed recommendation of sentence" and that the recommendation was being followed by the court. 10/03/06 J.E. Hawkins filed a delayed appeal that was allowed by this court.
 ASSIGNMENT OF ERROR {¶ 4} "THE TRIAL COURT ERRED WHEN IT SENTENCED MR. HAWKINS TO SERVE MAXIMUM AND CONSECUTIVE PRISON TERMS. FIFTH, SIXTH, ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; SECTION 16, ARTICLE I, OHIO CONSTITUTION. (OCTOBER 3, 2006 SENTENCING ENTRY; OCTOBER 2, 2006 TRANSCRIPT PP. 24-25)."
 {¶ 5} There are two arguments under this assignment of error. The first contends that the Ohio Supreme Court's decision in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, violates the prohibition against ex post facto laws. The second argument is that afterFoster there is no longer statutory authority for the trial courts to order consecutive sentences and thus, the trial court's order of consecutive sentences in this case violates law.
 {¶ 6} At the outset, we must note that the sentence issued was the sentence jointly recommended by Hawkins and the state. (10/2/06 Sentencing Tr. 3-4, 25; 10/3/06 J.E.). This court has previously stated that a sentence that is jointly recommended by the defendant and prosecutor, and accepted by the trial court, cannot be appealed.State v. Caporini, 7th Dist. No. 05JE32, 2006-Ohio-3095, ¶ 3. We *Page 4 
have also explained that that rule of law was unaffected by the Supreme Court's decision in Foster. Id. at ¶ 4-5.
 {¶ 7} "Pursuant to R.C. 2953.08(D), a defendant cannot appeal a sentence which `is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.' A sentence is authorized by law if it is within the statutory range of available sentences. State v. Gray, 7th Dist. No. 02 BA 26, 2003-Ohio-805, ¶ 10.
 {¶ 8} "The Ohio Supreme Court's recent decision in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-0856, does not change this rule of law. In Foster, the Ohio Supreme Court held that portions of Ohio's felony sentencing scheme were unconstitutional and severed those unconstitutional portions from the felony sentencing statutes. In doing so, the Ohio Supreme Court left the range of sentences authorized by law unchanged. Thus, any sentence imposed upon an offender within the statutory range remains a sentence authorized by law.
 {¶ 9} "In this case, the sentence the trial court imposed fell within the statutory range and, therefore, was authorized by law. Since Caporini's sentence was jointly recommended, authorized by law, and imposed by the trial court, he cannot appeal that sentence. Accordingly, the judgment of the trial court is affirmed." Id. at ¶ 3-5.
 {¶ 10} Consequently, if the jointly recommended sentence that was accepted by the court was authorized by law, Hawkins cannot appeal the sentence. The jointly recommended sentence by the court was ten years for possession of drugs, a first degree felony; five years for tampering with evidence, a third degree felony; and sixty days for aggravated menacing, a first degree misdemeanor. The ten year sentence for possession of drugs fell within the range for a first degree felony. R.C. 2929.14 (A)(1). The five year sentence for tampering with evidence fell within the range for a third degree felony. R.C. 2929.14(A)(3). Likewise, the sixty day sentence for aggravated menacing fell within the range for a first degree misdemeanor. R.C. 2929.24(A)(1). Thus, the sentences fell within the statutory range. *Page 5 
 {¶ 11} Furthermore, the trial court's issuance of the agreed upon consecutive sentences was also authorized by law. Hawkins contends that after Foster there is no statutory authority to sentence a defendant to consecutive sentences. This contention is incorrect.
 {¶ 12} Foster rendered R.C. 2929.14(E)(4) unconstitutional and severed it from the statute. R.C. 2929.14(E)(4) dealt with findings that were required to be made before a defendant could be ordered to serve consecutive sentences. R.C. 2929.41 (A) was also severed. That section stated in pertinent part that, except as provided in R.C. 2929.14(E) sentences were to be served concurrently. Those are the only statutes that dealt with consecutive sentences.
 {¶ 13} Hawkins argues that since R.C. 2929.14(E)(4) no longer exists, a defendant cannot be sentenced to consecutive sentences. He contends that courts may only impose a sentence upon a criminal defendant that is authorized by the sentencing statutes. He cites to State v. Smith
(1989), 42 Ohio St.3d 60, 61 and State v. West, 66 Ohio St.3d 508, 513,1993-Ohio-201 to support that proposition.
 {¶ 14} Those cases do not clearly support his position. Smith dealt with the suspension of an execution of a criminal sentence. The Court specifically stated the following:
 {¶ 15} "Accordingly, we must reiterate that the courts of common pleas `do not have the inherent power to suspend execution of a sentence in a criminal case and may order such suspension only as authorized by statute.' Municipal Court v. State, ex rel. Platter (1933),126 Ohio St. 103, 184 N.E. 1, paragraph three of the syllabus. Accord State, ex rel.Gordon v. Zangerle (1940), 136 Ohio St. 371, 16 O.O. 536, 26 N.E.2d 190, paragraph six of the syllabus; see, also, Lakewood v. Davies (1987),35 Ohio App.3d 107, 519 N.E.2d 860; State, ex rel. Dallman, v. Court ofCommon Pleas (1972), 32 Ohio App.2d 102, 61 O.O.2d 97, 288 N.E.2d 303. Moreover, because suspension of sentence is a special statutory procedure, the statutory authority for such suspension must be specific in its terms and must also be strictly construed. State, ex rel. Dallmanv. Court of Common Pleas, supra, paragraph one of the syllabus;State v. Ellington (1987), 36 Ohio App.3d 76, 77, 521 N.E.2d 504, 505."Smith, 42 Ohio St.3d at 61. *Page 6 
 {¶ 16} As can be seen by the above quoted excerpt, the reason the Court held as such was because a trial court did not have the inherent authority to suspend the execution of a sentence. The authority to do such was purely authorized by statute.
 {¶ 17} Hawkins also cited the concurring opinion in West,66 Ohio St.3d at 513. Like Smith, the concurring opinion in West was addressing the authority of a court to suspend a sentence.
 {¶ 18} The reasoning in Smith, and in the concurring opinion inWest, do not apply in this case because the authority to order consecutive sentences is not merely authorized by statute, but also exists at common law. As we have recently explained, "the common law vests trial courts with the authority to impose consecutive sentences without a statute to the contrary." State v. Hogan, 7th Dist. No. 06MA152, 2007-Ohio-3334, ¶ 15.
 {¶ 19} Moreover, the Ohio Supreme Court in Foster clearly indicated that following the severance of the unconstitutional portions of the sentencing statute, trial courts are still permitted to issue consecutive sentences. It specifically stated, "If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively." Foster,109 Ohio St.3d 1, 2006-Ohio-856, ¶ 105. Thus, consecutive sentences are authorized by law.
 {¶ 20} Although this was a jointly recommended sentence that was authorized by law, we will still address his argument Foster violates the imposition against ex post facto laws.
 {¶ 21} Foster was decided on February 27, 2006. Hawkins committed the offenses on July 3 and 5, 2006 and was sentenced in October 2006. Hence, at the time of the commission of the crimes, the decision inFoster had already been rendered. Due to the timing of the crimes and the release of Foster, the Foster holding does not constitute an ex post facto law. An ex post facto law by definition means, "A law that applies retroactively, esp. in a way that negatively affects a person's rights." Black's Law Dictionary (7 Ed. 1999) 601. It has also been explained that an ex post facto law is one that "`punishes as a crime an act previously committed, which was innocent when done, [or] which makes more burdensome the punishment for a crime, after its commission.'" State v.Cook, 83 Ohio St.3d 404, 414, quoting Beazell v. Ohio *Page 7 
(1925), 269 U.S. 167, 169-170. Thus, as Foster was not retroactively applied to him, it does not fall within the definition of an ex post facto law. For this reason alone, any arguments as to ex post facto are meritless.
 {¶ 22} Regardless, the ex post facto argument has been made many times to this court and consistently has been found meritless.Palmer, 7th Dist. No. 06JE20, 2007-Ohio-1572, ¶ 75; State v.Harris, 7th Dist. No. 06JE36, 2007-Ohio-3173, ¶ 15-21; State v.Balwanz, 7th Dist. No. 07BE20, 2007-Ohio-5041, ¶ 9-19.
 {¶ 23} Article I, Section 10 of the United States Constitution prohibits the passage of ex post facto laws. The Ex Post Facto Clause is a limitation on legislative powers. Rogers v. Tennessee (2001),532 U.S. 451. However, the United States Supreme Court has likewise placed similar restrictions on judicial opinions. Bouie v. Columbia (1964),378 U.S. 347. It stated that "an unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates precisely like an ex post facto law" and thus can violate the due process clause of theFourteenth Amendment to the United States Constitution. Id. at 353. Similarly, the Ohio Supreme Court has opined:
 {¶ 24} "`[A]n unforeseeable judicial enlargement of a criminal statue, applied retroactively, operates precisely like an ex post facto law' and can violate due process `even though the constitutional prohibition against ex post facto law is applicable only to legislative enactments.'" State v. Garner, 74 Ohio St.3d 49, 1995-Ohio-168.
 {¶ 25} Foster rendered various sections of the Felony Sentencing statutes unconstitutional: R.C. 2929.14(B) and (C); R.C. 2929.19(B)(2); R.C. 2929.14(E)(4); R.C. 2929.41(A); and R.C. 2929.14(D)(2)(b) and (D)(3)(b). Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Those sections were deemed unconstitutional because they required mandatory judicial fact finding. Id. The Ohio Supreme Court then held that those sections could be severed from the remainder of the statute. Id. Consequently, as can be seen by the Foster holding it did not deal with a retroactive application of a legislative enactment. Thus, in that sense it does not violate the prohibition against ex post facto laws. *Page 8 
 {¶ 26} Likewise Foster was not an "unforeseeable judicial enlargement" that amounted to a violation of the Ex Post Facto Clause. The sentencing range for each degree of felony is set forth in R.C. 2929.14(A). That section was unaffected by Foster. As such, a post-Foster offender will still be subject to the same range of punishment as he would have prior to Foster, i.e. the offenders had notice of the range of statutory ranges and maximum sentences.
 {¶ 27} We acknowledge that Foster deemed R.C. 2929.14(B) and2929.14(E) unconstitutional. Those sections contained a presumption for minimum and concurrent terms. Thus, when those sections were severed from the Felony Sentencing statutes, so were the presumptions.Balwanz, 7th Dist. No. 07BE20, 2007-Ohio-5041, ¶ 18. However, the removal of the presumptions does not constitute a "judicial enlargement." The presumption of a minimum or concurrent sentence was only a presumption, it was not a guarantee. Palmer, 7th Dist. No. 06JE20, 2007-Ohio-1572, ¶ 72. It can be taken away without the defendant's consent because it is not a vested right. Harris, 7th Dist. No. 06JE36, 2007-Ohio-3173, ¶ 20. Likewise, Foster did not destroy a substantial right because offenders are not entitled to expect certain sentences except those within the range set forth in R.C. 2929.14(A). Id.
 {¶ 28} In addition to the above reasons for holding thatFoster does not violate the prohibition against ex post facto law, inPalmer we also noted that the Ohio Supreme Court denied a reconsideration motion in Foster that urged the Court to find thatFoster violated the ex post facto clause. Palmer, 7th Dist. No. 06JE20,2007-Ohio-1572, ¶ 74. Thus, it seems to have implicitly found no merit with the argument. Id. Also, we reasoned that there is a basic rationale that we must follow the mandates of the Ohio Supreme Court and that we lack the authority to declare such a mandate unconstitutional; we expressed confidence that the Ohio Supreme Court would not direct appellate and trial courts to violate the constitution. Palmer, 7th Dist. No. 06JE20, 2007-Ohio-1572, ¶ 69; Harris, 7th Dist. No. 06JE36,2007-Ohio-3173, ¶ 15-16.
 {¶ 29} Consequently for all the above reasons, we once again hold thatFoster does not violate the prohibition against ex post facto laws. *Page 9 
 {¶ 30} In conclusion, the jointly recommended sentence was authorized by law. Furthermore, Foster does not violate the prohibition against ex post facto laws. For the foregoing reasons, the judgment of the trial court is hereby affirmed.
 DeGenaro, P.J., concurs. Waite, J., concurs. *Page 1