[Cite as *State v. Adkins*, 2012-Ohio-2445.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

THE STATE OF OHIO,                          :
                                            :
    Plaintiff-Appellee,                      :          Case No: 11CA30
                                            :
v.                                          :
                                            :          <u>DECISION AND</u>
JEREMY R. ADKINS,                           :          <u>JUDGMENT ENTRY</u>
                                            :
    Defendant-Appellant.                     :          Filed:   May 30, 2012

---

<u>APPEARANCES:</u>

Mark W. Evans, The Law Office of Mark W. Evans, Ltd., Cincinnati, Ohio, for Appellant.

James E. Schneider, Washington County Prosecuting Attorney, and Alison L. Cauthorn, Washington County Assistant Prosecuting Attorney, Marietta, Ohio, for Appellee.

---

Kline, J.:

**{¶1}**   Jeremy R. Adkins (hereinafter "Adkins") appeals the judgment of the Washington County Court of Common Pleas, which convicted him of felonious assault. On appeal, Adkins contends that the trial court erred in imposing an eight-year prison sentence.  But here, the trial court imposed a sentence that was jointly recommended by Adkins and the state.  Furthermore, Adkins's sentence is authorized by law. Therefore, because of R.C. 2953.08(D)(1), we may not review Adkins's sentence on appeal.  Accordingly, we overrule Adkins's assignment of error and affirm the judgment of the trial court.

I.

{¶2}  A Washington County Grand Jury indicted Adkins for two counts of felonious assault, one count of domestic violence, and one count of intimidation of a crime victim or witness.  Eventually, Adkins and the state reached a plea agreement.  Under the agreement, Adkins would plead guilty to one count of felonious assault, a second-degree felony, and one count of domestic violence, a fourth-degree felony.  In return, the state would drop the other two charges.  Additionally, Adkins and the state agreed that the state would recommend no more than eight years in prison.

{¶3}  After Adkins pled guilty, the trial court merged the felonious-assault count and the domestic-violence count.  As a result, the trial court sentenced Adkins to eight years in prison for felonious assault, a second-degree felony.

{¶4}  Adkins appeals and asserts the following assignment of error: "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT IMPOSED THE MAXIMUM SENTENCE AND CITED ELEMENTS OF MR. ADKINS' UNDERLYING OFFENSE AND CONSIDERED OTHER IMPROPER FACTORS IN WEIGHING THE SERIOUSNESS OF THE OFFENSE."

II.

{¶5}  In his sole assignment of error, Adkins contends that the trial court erred by imposing an eight-year prison sentence.

{¶6}  Here, the trial court imposed a sentence that was jointly recommended by Adkins and the state.  Therefore, we will not review Adkins's assignment of error.  This is so because R.C. 2953.08(D)(1) provides that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case,

and is imposed by a sentencing judge." *See also State v. Knisely*, 3d Dist. No. 5-07-37, 2008-Ohio-2255, ¶ 11-12 (declining to review a sentence that was recommended as part of a plea agreement); *State v. Reese*, 7th Dist. No. 07 JE 7, 2008-Ohio-1548, ¶ 67 (same).

{¶7} "Where the record indicates that a defendant freely and knowingly entered into a plea agreement and a jointly recommended sentence, and the trial court imposes that sentence which is authorized by law, the sentence is not subject to appellate review." *State v. Lee*, 5th Dist. No. 08-CA-70, 2009-Ohio-3423, ¶ 18.

{¶8} Initially, the record demonstrates that Adkins understood the nature of his plea agreement. For example, the parties discussed the jointly-recommended sentence during Adkins's change-of-plea hearing, where the trial court acknowledged that Adkins would receive no more than eight years in prison. *See* Transcript at 29-30. And later, during Adkins's sentencing hearing, the state reiterated the terms of the plea agreement. As the prosecutor explained, "[I]n the plea agreement, we had agreed to recommend not more than eight years imprisonment." Transcript at 44. Therefore, after reviewing the record, we find that Adkins freely and knowingly entered into both the plea agreement and the jointly recommended sentence.

{¶9} Furthermore, Adkins's sentence is clearly authorized by law. The Supreme Court of Ohio discussed the authorized-by-law requirement in *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923. As the court explained, "[A] sentence is 'authorized by law' and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions." *Id.* at ¶ 20. In other words, "when a sentence fails to include a mandatory provision, it may be

appealed because such a sentence is 'contrary to law' and is also not 'authorized by law.'" *Id.* at ¶ 21. Here, Adkins's sentence complies with the requirements of *Underwood*. First, the trial court merged allied offenses of similar import. *See id* at ¶ 30. Second, the trial court imposed postrelease control. *See id.* at ¶ 20. And finally, Adkins's sentence is within the statutory range for a second-degree felony. *See* R.C. 2929.14(A)(2). As a result, we find that Adkins's sentence complies with all mandatory sentencing provisions.

**{¶10}** In conclusion, we find that R.C. 2953.08(D)(1) applies to the present case. *See State v. Kimble*, 11th Dist. No. 2005-T-0085, 2006-Ohio-6096, ¶¶ 22, 26-30 (finding that R.C. 2953.08(D)(1) applied when "a prison term of at least one but no more than three years was required as part of the plea agreement"). Therefore, because of R.C. 2953.08(D)(1), this court may not review Adkins's sentence or consider his assignment of error. *See State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, ¶ 25 ("The General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate."); *State v. Tomlinson*, 4th Dist. No. 07CA3, 2007-Ohio-4618, ¶ 6.

**{¶11}** Accordingly, we overrule Adkins's assignment of error and affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds that there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, P.J. and McFarland, J.:  Concur in Judgment and Opinion.


For the Court


BY:_____
       Roger L. Kline, Judge



## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**