[Cite as *State v. Belton*, 2016-Ohio-8416.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 15 MA 0142 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| DAVID BELTON | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:         Criminal Appeal from the Court of
                                 Common Pleas of Mahoning County,
                                 Ohio
                                 Case No. 14 CR 870

JUDGMENT:                        Affirmed.
                                 Modified.

APPEARANCES:

For Plaintiff-Appellee:          Atty. Paul J. Gains
                                 Mahoning County Prosecutor
                                 Atty. Ralph M. Rivera
                                 Assistant Prosecuting Attorney
                                 21 West Boardman Street, 6th Floor
                                 Youngstown, Ohio 44503

For Defendant-Appellant:         Atty. Desirae DiPiero
                                 7330 Market Street
                                 Youngstown, Ohio 44512

JUDGES:

Hon. Cheryl L. Waite
Hon. Mary DeGenaro
Hon. Carol Ann Robb

                                 Dated: December 23, 2016

WAITE, J.

**{¶1}** Appellant David Belton appeals his sentences following guilty pleas to the following charges: aggravated riot in violation of R.C. 2917.02(A)(2), (C) with an accompanying one-year firearm specification in violation of R.C. 2941.141(A); involuntary manslaughter in violation of R.C. 2903.04(A), (C) with an accompanying one-year firearm specification in violation of R.C. 2941.141(A); and one count of aggravated assault, in violation of R.C. 2903.12(A)(2), (B) with an accompanying three-year firearm specification in violation of R.C. 2941.145(A). Appellant contends he was improperly sentenced to consecutive sentences on two firearm specifications as the underlying felonies were part of the same transaction. Based on the following, Appellant's assignment of error is without merit and is overruled. The judgment of the trial court is affirmed.

### Factual and Procedural Background

**{¶2}** On August 16, 2014, following what appears to be a long history of antagonism, two groups, Cortez and Jenkins, utilized social media to set up a fight between them. The groups agreed to fight in a local park, but on arrival it was discovered the park was too populated, so they moved the location to Winona Street. A man living on the street, Carl Fleeton, Sr., attempted to intervene to break up the fight but to no avail. The groups met on the street and began approaching one another. The Cortez group gained an advantage during the fracas. The Jenkins group retreated while firing eight shots at their opponents, hitting Shawn Cortez, who later succumbed to his wounds. After the Jenkins gunfire, Fleeton also fired shots in

an attempt to disburse the two groups. The groups fled in opposite directions, but not before Appellant turned and fired eight shots into the Jenkins group.

{¶3} On August 21, 2014, Appellant was indicted on one count of aggravated riot in violation of R.C. 2917.02(A)(2), (C), one count of involuntary manslaughter in violation of R.C. 2903.04(A); one count of felonious assault in violation of R.C. 2903.11(A)(2); and one count of aggravated assault in violation of R.C. 2903.12(A)(1). Each count had accompanying three-year firearm specifications pursuant to R.C. 2941.145(A).

{¶4} On August 26, 2014, the state and Appellant reached a plea agreement. Under the terms of the agreement, Appellant agreed to plead guilty to aggravated riot with the three-year firearm specification amended to a one-year firearm specification, involuntary manslaughter with the three-year firearm specification amended to a one-year firearm specification; and aggravated assault with a three-year firearm specification. In exchange, he was to receive a total of eight (8) years of incarceration on those counts and the felonious assault charge would be dismissed. At the plea hearing, defense counsel confirmed the agreement. Prior to entering a guilty plea, Appellant indicated that he understood the offenses to which he would be pleading guilty and the sentences he would receive under the agreement. Appellant further acknowledged that he understood that the trial court had agreed to accept the recommended sentence. At the conclusion of a thorough plea colloquy, the trial court accepted Appellant's guilty pleas and the remaining count was nolled.

**{¶5}** At the sentencing hearing, the trial court imposed the agreed eight-year aggregate prison sentence with eligibility for judicial release consideration after four and one-half years. When imposing sentence, the trial court confirmed that this type of offense was subject to mandatory sentencing and acknowledged that the parties had agreed to the sentence imposed:

> Your lawyer fashioned a plea agreement with the prosecutor in order to get you the best possibility, best outcome. And that one of the conditions of that plea agreement was an acknowledgment from the State. And it would be part of the record that you're eligible for judicial release consideration at the end of four and a half years.
>
> I have no discretion regarding the gun specifications. Therefore, that four-year term, if I accept it, is something I have no control over. So that's the way that works.

(Tr., p. 8.)

**{¶6}** When imposing this sentence based on the Crim.R. 11 agreement, the trial court determined that the recommended sentence was "appropriate when considering the principles and purposes of sentencing to punish the defendant, protect the public, recidivism factors, seriousness of the offense, incarceration, restitution when necessary and rehabilitation is important." (Tr., pp. 10-11.) On July 31, 2015, the trial court issued a sentencing journal entry imposing a prison sentence of eight years with credit for 333 days served, indicating that it was an "agreed upon recommended term." (7/3/15 J.E., p. 1.)

**{¶7}** Although not raised by the parties and having no effect on the overall term of imprisonment, we note that the trial court's judgment entry dated July 31, 2015, contains a clerical error in the last paragraph on the first page wherein the firearm specifications attached to counts 1 and 4 are listed as requiring one (1) year of imprisonment and the firearm specification attached to count 2 is listed as requiring three (3) years of imprisonment. We hereby modify the judgment entry to clearly reflect that the one year of imprisonment pertains to counts 1 and 2 and the three years of imprisonment pertains to count 4.

**{¶8}** On August 25, 2015, Appellant filed a notice of appeal. Appellant raises a single assignment of error for review:

<u>ASSIGNMENT OF ERROR</u>

THE TRIAL COURT ERRED WHEN IT IMPOSED SENTENCES ON MULTIPLE FIREARM SPECIFICATIONS FOR FELONIES COMMITTED AS PART OF THE SAME TRANSACTION.

**{¶9}** Appellant contends that the sentence is not authorized by law as it violates the terms set forth in R.C. 2929.14(B)(1)(a)(ii) and (iii). Specifically, Appellant complains that the firearm specifications for the felonies to which he entered a guilty plea are part of the same transaction. He argues that this precluded the trial court from imposing sentences for multiple firearm specifications. The state argues that because Appellant agreed to all of the terms of the plea agreement, he cannot appeal because the sentence is authorized by law.

**{¶10}** In reviewing Appellant's sentence, we utilize the standard set forth by the Ohio Supreme Court in *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. Appellant's sentence can be modified only if we find by clear and convincing evidence that the record does not support any relevant findings under the statute. *Id.*

**{¶11}** Initially, we note that Appellant's argument is generally treated as waived or forfeited on appeal because he entered into a Crim.R. 11 guilty plea, waiving all issues except those related to whether the plea was voluntarily entered. *State v. Spates,* 64 Ohio St.3d 269, 272-273, 595 N.E.2d 321 (1992). Moreover, the Ohio Supreme Court has held that a defendant may not appeal his sentence when, "(1) both the defendant and the state agree to the sentence, (2) the trial court imposes the agreed sentence, and (3) the sentence is authorized by law." *State v. Underwood,* 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 16; R.C. 2953.08(D)(1). In *State v. Sergent,* Slip Opinion No. 2016-Ohio-2696, the Ohio Supreme Court recently held that where a jointly recommended sentence includes nonmandatory consecutive sentences and the trial court fails to make the appropriate consecutive-sentence findings as set forth in the statute relating to the prison terms, the sentence is nevertheless "authorized by law" and is not appealable. *Id.* The state and Appellant reached a sentencing agreement and Appellant was sentenced accordingly. Therefore, we must determine whether Appellant's sentence is authorized by law and, thus, whether Appellant is precluded from appealing his sentence.

**{¶12}** Appellant argues that pursuant to the Ohio Supreme Court's decision in *State v. Wills*, 69 Ohio St.3d 690, 691, 635 N.E.2d 370 (1994), the trial court erred in imposing consecutive sentences because the underlying felonies to which the firearm specifications are attached were committed as part of the same act or transaction. Hence, the sentences are not "authorized by law." R.C. 2953.08(D)(1). "A sentence is authorized by law if it is within the statutory range of available sentences." *State v. Hawkins,* 7th Dist. No. 07 JE 14, 2008-Ohio-1529, ¶ 7.

**{¶13}** Appellant was convicted of aggravated riot, involuntary manslaughter, and aggravated assault with two accompanying one-year firearm specifications pursuant to R.C. 2941.141(A), and an accompanying three-year firearm specification pursuant to R.C. 2941.145(A). The trial court ordered the one-year sentences for the gun specifications attached to the aggravated riot and involuntary manslaughter convictions to run concurrently. The trial court imposed a three-year sentence for the firearm specification accompanying the aggravated assault conviction to run consecutively to the one-year specifications. The sentences for the firearm specifications fell within the mandatory statutory range.

**{¶14}** Appellant argues that pursuant to R.C. 2929.14(B)(1)(b), the trial court erred in failing to merge the sentences for the gun specifications because the underlying offenses occurred as a series of continuous acts in one transaction. The purpose of firearm specification provisions is to separately punish each transaction committed utilizing firearms. *Wills* at 691. R.C. 2941 *et seq.* serves to instruct the courts on sentencing in instances where the same defendant commits multiple

offenses utilizing a firearm. R.C. 2929.14(B)(1)(a)(ii) imposes a mandatory three-year prison term when a defendant is convicted of or pleads guilty to a firearm specification pursuant to R.C. 2941.145. In addition, R.C. 2929.14(B)(1)(a)(iii) imposes a mandatory one-year prison term when a defendant is convicted of or pleads guilty to a firearm specification pursuant to R.C. 2941.141. R.C. 2929.14(B)(1)(b) provides: "Except as provided in division (B)(1)(g) of this section, a court shall not impose more than one prison term on an offender under division (B)(1)(a) of this section for felonies committed as part of the same act or transaction."

**{¶15}** At the sentencing hearing, the state noted:

We are asking that the two firearm specifications run consecutive to one another; so three plus one for four. And obviously four years concurrent -- or consecutive to the other four-year sentence, for a total of eight years.

Legally speaking, the only reason we can do that, the reason we're asking to do that is that during the course of the aggravated riot the defendant is in possession of the gun. He doesn't necessarily brandish it or use it or display it or anything like that, he simply has it on his person, which would contemplate that the one year [sic].

When the aggravated assault happened, it's after the rioting is -- I don't want to say over -- but near completion. And he can be seen running up after the killers, if you will, and shooting at them, resulting in a three-

year specification.  That's how we come to that; and that's how we can justify those running consecutive to one another.

(Tr., pp. 3-4.)

**{¶16}** In response, Appellant's counsel appears to acquiesce, asking only that Appellant be eligible for judicial release after four and one-half years.  There was no attempt by counsel to argue against the mandatory consecutive sentencing provisions of the plea agreement.  Appellant does not argue against the voluntary nature of his plea nor did he once raise to the sentencing court that the sentences should be merged.  This record does not support Appellant's contention and fails to demonstrate, in a clear and convincing fashion, that Appellant's sentence was not authorized by law.

**{¶17}** The trial court made the requisite consecutive sentence findings on the record.  Based on this record, it is apparent that Appellant's sentence was based on an agreement between Appellant and the state, the trial court imposed that agreed sentence, and the mandatory consecutive sentences for the firearm specifications were authorized by law.

**{¶18}** Based on the foregoing, Appellant's sole assignment of error is without merit and is overruled.  The judgment of the trial court is affirmed.

DeGenaro, J., concurs.

Robb, J., concurs.